IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,<br><br>Plaintiffs,<br><br>v.<br><br>SUBSCRIBERBASE INC., et al.,<br><br>Defendants. | Case No. 09-3503 SC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiffs Asis Internet Services ("Asis") and Joel Householter, dba Foggy.Net ("Foggy") (collectively, "Plaintiffs"), brought this suit against Defendants Subscriberbase, Inc., et al. ("Defendants"), for alleged violations of section 17529.5 of the California Business & Professions Code. Docket No. 1 ("Compl."). This matter comes before the Court on Defendants' Motion to Dismiss ("Motion"). Docket No. 6. Plaintiffs have submitted an Opposition, Docket No. 7, and Defendants have submitted a Reply, Docket No. 12. Having considered the papers submitted by all parties, the Court GRANTS Defendants' Motion to Dismiss.

## II. BACKGROUND

Asis and Foggy allege that they are providers of internet and

email services. Compl. ¶ 11-12. Asis provides services to about 950 customers, and provides about 1500 email accounts (as of 2008); Foggy has roughly 75 customers and 180 email accounts (as of 2007). Id. Both claim that they employ filtering software to process and store unsolicited commercial email advertisements ("spam emails") that are sent to their customers' email addresses. Id.

According to Plaintiffs, Defendants have sent large volumes of spam emails to Plaintiffs' customers. Id. ¶ 2. Asis claims that between August 2, 2008 through July 7, 2009, Defendants sent a total of 1534 spam emails to "Asis' protected computers . . . with a subject line that a person would know would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents and subject matter of the message." Id. ¶ 13. Foggy claims that from July 31, 2008, through July 7, 2009, it received 922 similar spam emails. Id. ¶ 14. Plaintiffs explain that the emails "contained subject lines that were false and misleading in that they made an offer for a free product and did not provide anywhere in the email the terms and conditions for that offer." Id. ¶ 17. Plaintiffs have provided a list of the offending email subject lines, as well as a number of sample emails. See Compl. Exs. H ("First Email Samples"), I ("Second Email Samples"), J ("First Subject List"); Opp'n Ex. A ("Second Subject List"). Plaintiffs identify a total of 117 subject lines in emails collected by Asis and 116 subject lines in emails collected by Foggy. See Second Subject List at 1-6.

Examples of the offending subject lines include: "Go shop at Old Navy Stores loaded with $1000 Cash for Free!"; "Let us buy you a 1080p HDTV;" "Test & Keep the 2 New Blackberry Storms;" "Free

2

Blackberry Storm," and similar subject lines suggesting that the recipient could "test and keep" particular products or otherwise get them for "free," "on us," or "on our tab." Id. The body of the sample emails provided by Plaintiffs typically includes a disclaimer stating that the email is an advertisement, and indicating that the "[p]romotion . . . is subject to terms and conditions. See website for complete details." See, e.g., Second Email Samples at 6. Should the recipient click on the hyperlink included in the email, the recipient's web browser will load a "landing page[] where they must submit information to continue. Only at this point are they given any information of the actual terms of the offer . . . ." Compl. ¶ 20. The terms "contain the following or a similar statement:"

> 1) Must be a legal US resident; 2) must be at least 18 years old or older; 3) must have a valid email and shipping address; 4) Eligible members can receive the incentive gift package by completing two reward offers from each of the Top, Prime and Premium reward offer page options. Various types of reward offers are available. Completion of reward offers most often requires a purchase or filing a credit application and being accepted for a financial product such as a credit card or consumer loan. The following link illustrates a Representative Sample of reward offers by group along with monetary and non-monetary obligations. Failure to submit accurate registration information will result in loss of eligibility.

Id.

Plaintiffs allege that, in sending the above-described emails, Defendants have violated section 17529.5 of the California Business & Professions Code ("section 17529.5"), part of the California False Advertising Law ("FAL"). Id. ¶¶ 16-30. Plaintiffs seek statutory damages totaling $2,456,000. Id. at 13-14. Defendants

3

have moved to dismiss Plaintiffs' Complaint.

### III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Although well-pleaded factual allegations are taken as true, a motion to dismiss should be granted if the plaintiff fails to proffer "enough facts to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). The court need not accept as true legal conclusions couched as factual allegations. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

Where plaintiffs allege fraud, or conduct that is sufficiently "grounded in fraud," they must plead their claim with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiffs must include "the who, what, when, where, and how" of the fraud. Vess, 317 F.3d at 1106 (citations omitted). A

plaintiff satisfies the particularity requirement only if his or her allegations are "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotation marks omitted).

**IV. DISCUSSION**

    **A.    Preemption Under the CAN-SPAM[1] Act**

Defendants argue that Plaintiffs' cause of action is expressly preempted by the CAN-SPAM Act, 15 U.S.C. § 7707(b)(1). Mot. at 5-8. The savings provision of the CAN-SPAM Act states that it "supersedes any statute . . . except to the extent that any such statute . . . prohibits falsity or deception in any portion of a commercial electronic mail message . . . ." Id. Defendants argue that this provision only saves common law fraud claims, and that Plaintiffs must therefore plead every element of common-law fraud, or their cause of action will be preempted by the CAN-SPAM Act. Mot. at 6. This would require Plaintiffs to establish both reliance and damages -- something that they are apparently not in a strong position to plead.

District courts in California are split on the question of whether this savings clause only exempts state laws that are based on common law fraud. In particular, the courts have disagreed over whether section 17529.5 can avoid preemption without requiring

---

[1] "CAN-SPAM" stands for "Controlling the Assault of Non-Solicited Pornography and Marketing."

5

plaintiffs to show each element of common law fraud, including reliance and damages. Compare <u>Asis Internet Servs. v. Vistaprint USA, Inc.</u>, 617 F. Supp. 2d 989 (N.D. Cal. 2009) (section 17529.5 is not preempted, even though it does not require showing of reliance or damages) and <u>Asis Internet Servs. v. Consumerbargaingiveaways, LLC</u>, 622 F. Supp. 2d 935, 940-44 (N.D. Cal. 2009) (same) with <u>Hoang v. Reunion.Com, Inc.</u>, No. 08-3518, 2008 U.S. Dist. LEXIS 85187, *4-6 (N.D. Cal. Oct. 6, 2008) (finding that CAN-SPAM only allows state causes of action based on common law fraud and dismissing section 17529.5 complaint that does not allege reliance and damages). This Court agrees with those courts that have read the terms "falsity or deception" broadly, thereby saving more than just common law fraud claims and narrowing the preemptive effects of the CAN-SPAM Act. In particular, this Court agrees that Congress's use of the word "fraud" elsewhere in the section, and the CAN-SPAM Act's references to the word "deception" as used in the FTC Act, invite this broader reading. See <u>Consumerbargaingiveaways</u>, 622 F. Supp. 2d at 942. Plaintiffs therefore do not need to plead reliance and damages in order to avoid preemption of their claims.

### B. Pleading with Particularity

As a threshold matter, the Court finds that Plaintiffs must plead their claim for violations of section 17529.5 with particularity, in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiffs argue that they need only meet the requirements of Rule 8(a), instead of the heightened pleading requirements of Rule 9(b). Opp'n at 12. However, Rule 9(b) applies to all claims that are "grounded in fraud," i.e., where plaintiffs allege a unified course of fraudulent conduct and rely

6

entirely on that conduct to form their claim. Vess, 317 F.3d at 1104. Plaintiffs have alleged that Defendants intended to mislead the recipients of their emails, and induce reliance upon the subject lines. Compl. ¶ 20. Although section 17529.5 only requires Plaintiffs to plead knowledge of a likelihood of misleading a reasonable person, thereby eliminating the elements of reliance and damages that would be present in a common law fraud claim, the Court finds that the absence of these elements is not enough to eliminate the need for specificity. In most cases, pleading reliance and damages with specificity is not likely to be of much use in helping a defendant to prepare an adequate response; rather, it is the specific description of the other aspects of the fraud, "the who, what, when, where, and how," that will be most important in allowing a defendant to prepare its answer. C.f. Vess, 317 F.3d at 1106.

Defendants first argue that, because Plaintiffs name multiple defendants, Plaintiffs must identify the role that each defendant played in the alleged fraudulent schemes. Mot. at 10-11. Defendants go on to claim that they did not send the emails, or draft the emails, or register the domain names to send the emails. Id. at 10. However, the Court finds that the Complaint adequately alleges that Defendants "advertised in a commercial e-mail advertisement," and it describes, with particularity, sufficient ties between Defendants and the emails in question. In particular, Plaintiffs identify the various domain names for the landing sites that the emails provide links to, and state that the registrant for these landing sites is Subscriberbase Holdings, Inc., or a related entity with an identical address. See Compl. ¶ 7, Ex. D. Not only

7

does Subscriberbase Holdings, Inc., allegedly have an identical address with Defendants Consumer Research Corporation Inc. and Subscriberbase, Inc., but its services are touted on the website of Defendant Subscriberbase, Inc. Id. Ex. E. This is sufficient to support Plaintiffs' contention that "SUBSCRIBERBASE HOLDINGS and [Consumer Research Corporation] are in fact agents, partners, subsidiaries or employees of Defendant Subscriberbase." Compl. ¶ 8.

Plaintiffs have gone to great lengths to establish that the Defendants mentioned in the Complaint are related, and are connected with the email advertisements by the creation and maintenance of landing sites. Although it is possible that Defendants' involvement is greater than this, Plaintiffs have alleged with particularity at least one concrete role that Defendants have played. Additionally, Plaintiffs have alleged that Defendants are sufficiently interrelated (for the purpose of a motion to dismiss) to eschew the need to plead the specific role of each closely-related entity. Further details can be uncovered in discovery.

Defendants also fault Plaintiffs for alleging 2456 separate violations of section 17529.5, but only including a handful of (i.e., twenty-one) sample emails that specifically show the subject line, date, sender, and contents of the emails.[2] Mot. at 9; First Email Samples; Second Email Samples. This argument has merit.

---

[2] The samples redact the recipients' email addresses for privacy reasons. The Court finds this to be appropriate at this stage of the litigation. If these email addresses turn out to be relevant, Defendants may discover them at a later date, subject to a protective order. See Consumerbargaingiveaways, 622 F. Supp. 2d at 945.

8

Although Plaintiffs attach an appendix that apparently lists every email subject line, see First Subject List, this lacks important information about the sender, date, and content of the emails, and does not indicate how many copies of each email were received. Plaintiffs claim that the 2,456 emails are redundant, but they still contain roughly 230 different subject lines. Id. The Court recognizes that it would be impractical to require the submission of 2,456 emails, or even 230 sample emails. However, Plaintiffs can, at the very least, submit an appendix that contains each subject line, the total number of emails that bore it, and specific information about each email that bore it, including the sender, the date it was sent, and the landing site to which the email directs the recipient. As it is still useful to have a small number of sample emails, Plaintiffs should include with the amended complaint the sample emails that they included with their original Complaint; they need not include full samples of all 230 types of Defendants' emails.

In its current form, the Complaint states with particularity only twenty-one violations of section 17529.5, i.e., those violations that are based upon the twenty-one emails for which samples were attached. Plaintiffs do not state with particularity that they received multiple copies of these. Rather than attempt to sever and save these claims, the Court will DISMISS the Complaint in its entirety and allow Plaintiffs LEAVE TO AMEND so that they can plead each alleged violation with particularity, as outlined above.

///
///

### C. **Whether the Subject Lines were Likely to Mislead**

Defendants argue that Plaintiffs fail to allege that the subject lines were misleading because they do not "allege that the recipients of the Emails were not entitled to these gifts." Mot. at 10. Plaintiffs' arguments do not rest upon charges that Defendants failed to send or offer the gifts in question; rather, Plaintiffs argue that the subject lines are misleading because they purport to provide "free" gifts (or gifts subject to additional language such as "on us," "review and keep," or "let us get you a . . ."), when the emails and associated web pages in fact offer gifts only to those who perform additional affirmative acts, such as signing up for a credit card or submitting a loan application. Compl. ¶ 20.[3] The Complaint alleges that the subject lines are deceitful because they falsely characterize the "gifts" as "free." As Plaintiffs characterize these "gifts," they are not "free," and the terms and conditions are too far removed from the subject lines to render the description accurate. See Compl. ¶¶ 18-21. Defendants have not seriously attempted to challenge Plaintiffs'

---

[3] Defendants also argue that some of the subject lines do not include "free" or an equivalent term. Mot. at 10. They cite a number of subject lines which, according to Plaintiffs, were accidentally cropped from the appendices attached to the Complaint, such that the use of the word "free" or equivalent statements did not appear. Plaintiffs have attempted to correct this by submitting an appendix to their Opposition, which does not crop the subject lines. Second Subject List. For example, Defendants fault Plaintiffs for claiming that the following subject line is deceptive: "Be the first to get Blackberry's newest phone-The Blackberry Storm." Mot. at 10. Plaintiffs' appended list shows that the subject line was actually "Be the first to get Blackberry's newest phone-The Blackberry Storm get two now- No cost to you." Second Subject List at 1. The Court notes that Plaintiffs cannot amend their Complaint by their opposition; however, because the Court is already dismissing all claims based on the subject lines listed solely in Plaintiffs' appendices, Plaintiffs may easily remedy this by submitting a list of complete subject lines with their amended complaint.

10

1 characterization. Read in a light most favorable to Plaintiffs,
2 the Complaint sufficiently describes subject lines that are likely
3 to mislead a recipient, acting reasonably under the circumstances.

### D. Standing

Defendants do not argue in their Motion that Plaintiffs lack standing, except to argue that Plaintiffs must plead damages and reliance in their Complaint. As this Court previously noted, section 17529.5. does not require that Defendants plead damages and reliance in order to state a claim. See Part IV.A, supra. Further, the section specifically states that claims may be brought by "electronic mail service provider[s]." Cal. Bus. & Prof. Code § 17529.5(b)(1)(A)(ii). There is no suggestion that Plaintiffs may lack Article III standing. See Consumerbargaingiveaways, 622 F. Supp. 2d at 939-40 (finding that internet service providers have Article III standing to bring section 17529.5 claim). Although Defendants have raised a separate standing argument based on Proposition 64, Reply at 9-10, they did not make this argument in their opening memorandum, and this Court therefore declines to consider it.[4]

### V. CONCLUSION

The Court hereby GRANTS Defendants' Motion to Dismiss. Although the Complaint alleges with particularity twenty-one violations of section 17529.5, Plaintiffs attempted to allege 2456 violations. The Court therefore DISMISSES the Complaint in its

---

[4] Consideration of this issue would not likely change the outcome of this Order, as Proposition 64 expressly applies only to standing for plaintiffs who seek injunctive relief, and Plaintiffs here seek statutory damages. Cal. Bus. & Prof. Code § 17535.

11

entirety, but allows Plaintiffs leave to amend so that it can plead each of these violations with particularity.  Plaintiffs may submit an amended complaint within thirty (30) days of the date of this Order.

IT IS SO ORDERED.

Dated: December 4, 2009

UNITED STATES DISTRICT JUDGE