1  **Jason K. Singleton,** State Bar #166170
   jason@singletonlawgroup.com
2  **Richard E. Grabowski,** State Bar #236207
   rgrabowski@mckinleyville.net
3  **SINGLETON LAW GROUP**
   **611 "L" Street, Suite A**
4  **Eureka, CA 95501**
   **(707) 441-1177**
5  **FAX  441-1533**

6  Attorneys for Plaintiffs, ASIS INTERNET SERVICES
   and JOEL HOUSEHOLTER

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10 | ASIS INTERNET SERVICES, a California      ) | CASE NO: CV-09-3503 SC
11 | corporation, and JOEL HOUSEHOLTER, dba   ) |
   | KNEELAND ENGINEERING, dba FOGGY.NET,    ) | FIRST AMENDED COMPLAINT FOR
12 |                                          ) | LIQUIDATED DAMAGES FOR
   |        Plaintiffs,                       ) | VIOLATIONS OF CALIFORNIA
13 | vs.                                      ) | BUSINESS & PROFESSIONS CODE
   |                                          ) | §17529.5
14 | SUSCRIBERBASE INC., a South Carolina      ) |
15 | Corporation, SUSCRIBERBASE HOLDINGS      ) |
   | INC., a South Carolina Corporation,      ) |
16 | CONSUMER RESEARCH CORPORATION INC.,       ) |
   | a South Carolina Corporation,            ) |
17 | dba BRAND APPAREL REWARDS, aka           ) |
   | BRANDAPPARELREWARDS.COM,                 ) |
18 | dba BRAND REWARD ZONE, aka               ) |
19 | BRANDREWARDZONE.COM,                     ) |
   | dba CHOICE DEALZ, aka CHOICEDEALZ.COM,   ) |
20 | dba CHOOSE YOUR COLOR, aka               ) |
   | CHOOSEYOURCOLOR.COM,                     ) |
21 | dba CHOOSE YOUR SKIN, aka                ) |
22 | CHOOSEYOURSKIN.COM,                      ) |
   | dba GET YOUR SMART PHONE, aka            ) |
23 | GETYOURSMARTPHONE.COM,                   ) |
   | dba GO GREEN OFFERS, aka                 ) |
24 | GOGREENOFFERS.COM,                       ) |
   | dba HANDBAG TEST PANEL, aka              ) |
25 | HANDBAGTESTPANEL.COM,                    ) |
   | dba HD TEST PANEL, aka                   ) |
26 | HDTESTPANEL.COM,                         ) |
27 | dba HIS AND HER LAPTOP, aka              ) |
   | HISANDHERLAPTOP.COM                      ) |
28 | dba HIS AND HER SMART PHONES, aka        ) |

FIRST AMENDED COMPLAINT FOR LIQUIDATED DAMAGES        1                    CV-09-3503 SC

| | | |
|---|---|---|
| 1 | HISANDHERSMARTPHONES.COM, dba LAPTOP REPORT CARD, aka | ) ) |
| 2 | LAPTOPREPORTCARD.COM, dba MY CAREER ADVANTAGE, aka | ) ) |
| 3 | MYCAREERADVANTAGE.COM, dba MY HOME PROMOTIONS, aka | ) ) |
| 4 | MYHOMEPROMOTIONS.COM, dba MYSTERY MALL SHOPPER, aka | ) ) |
| 5 | MYSTERYMALLSHOPPER.COM, dba ONE STOP REWARDS, aka | ) ) |
| 6 | ONESTOPREWARDS.COM, dba PRODUCT TEST PANEL, aka | ) ) |
| 7 | PRODUCTTESTPANEL.COM , dba RETAIL REPORT CARD, aka | ) ) |
| 8 | RETAILREPORTCARD.COM , and DOES ONE through FIFTY, inclusive, | ) ) |
| 9 | Defendants. | ) ) |
| 10 | | ) |

**Plaintiffs ASIS INTERNET SERVICES, a California corporation,** an Internet Service Provider; **and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,** an Internet Service Provider, complain of Defendants **SUSCRIBERBASE, INC., a South Carolina Corporation, SUSCRIBERBASE HOLDINGS, INC., a South Carolina Corporation, and CONSUMER RESEARCH CORPORATION INC., a South Carolina Corporation,**

dba BRAND APPAREL REWARDS, aka BRANDAPPARELREWARDS.COM,
dba BRAND REWARD ZONE, aka BRANDREWARDZONE.COM,
dba CHOICE DEALZ, aka CHOICEDEALZ.COM,
dba CHOOSE YOUR COLOR, aka CHOOSEYOURCOLOR.COM,
dba CHOOSE YOUR SKIN, aka CHOOSEYOURSKIN.COM,
dba GET YOUR SMART PHONE, aka GETYOURSMARTPHONE.COM,
dba GO GREEN OFFERS, aka GOGREENOFFERS.COM,
dba HANDBAG TEST PANEL, aka HANDBAGTESTPANEL.COM,
dba HD TEST PANEL, aka HDTESTPANEL.COM,
dba HIS AND HER LAPTOP, aka HISANDHERLAPTOP.COM
dba HIS AND HER SMART PHONES, aka HISANDHERSMARTPHONES.COM,
dba LAPTOP REPORT CARD, aka LAPTOPREPORTCARD.COM,
dba MY CAREER ADVANTAGE, aka MYCAREERADVANTAGE.COM,

dba MY HOME PROMOTIONS, aka MYHOMEPROMOTIONS.COM,
dba MYSTERY MALL SHOPPER, aka MYSTERYMALLSHOPPER.COM,
dba ONE STOP REWARDS, aka ONESTOPREWARDS.COM,
dba PRODUCT TEST PANEL, aka PRODUCTTESTPANEL.COM,

**(hereinafter collectively referred to as "ADVERTISERS"), and DOES ONE through FIFTY, inclusive**, and alleges violations of *California Business and Professions Code* §17529.5(a) and request liquidated damages and attorney fees authorized as remedies under *California Business and Professions Code* §17529.5(b)(1)(B) and (C).

## JURISDICTION AND VENUE

1. This Court has diversity jurisdiction of this action pursuant to 28 *USC* §1332 for disputes between citizens of different states where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 *USC* §1332. The amount in controversy is $2,454,000.00, the Plaintiffs are citizens of California, and the Defendants are citizens and corporations with their incorporation in South Carolina.

2. Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the email advertisements are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known that they would be subject to the jurisdiction and laws of the forum when **ADVERTISERS** had mass commercial email advertisements sent in violation of *California Business & Professions Code* §17529 to persons at Northern California Internet Service Providers. *Dole Food Co., INC. v. Watts*, 303 F.3d 1104 at 1112-1114 (9th Cir., 2002) (where the court found that a foreign corporation that communicated directly and substantially with the plaintiffs with the purpose of harming the plaintiffs had expressly aimed their acts at the forum state); *Asis Internet Services v. Imarketing Consultants, INC.*, Slip Copy, 2008 WL 2095498 at *3 N.D.Cal.,2008 (where the court found specific jurisdiction based on defendant sending mass emails to persons in the forum); *Aitken v. Communications Workers of America*, 496 F.Supp.2d 653 at 659 (E.D.Va., 2007); *Verizon Online Services, INC. v. Ralsky*, 203 F.Supp.2d 601 at 611-620 (E.D.Va., 2002); and *Internet Doorway, INC. v. Parks*, 138 F.Supp.2d 773 at 779-780 (S.D.Miss., 2001). These advertisements represent a request to do business with the intended

recipients and establish contractual relationship with the intended recipients. These email advertisements therefore establish the existence of deliberate and continuing obligations with residents of the forum state, California. Therefore, Defendants: "has availed itself of the privilege of conducting business there, and because its activities are shielded by 'the benefits and protections' of the forum's laws it is presumptively not unreasonable to require it to submit to the burdens of litigation in that forum as well." ***Burger King Corp. v. Rudzewicz,*** 471 U.S. 462 at 476 (1985).

3. Venue is proper in this Court pursuant to 28 ***USC*** §1391(a)(2) and is founded on the fact that a substantial part of the unlawful actions of the Defendants occurred in this judicial district, that is the emails were sent to Email and Internet Service Providers in Garberville, California, and Eureka, California.

**FACTUAL ALLEGATIONS**

4. Plaintiffs are informed and believe and based thereon allege that Defendant **SUSCRIBERBASE, INC.** is and was at all times relevant herein a business located at address 3830 Forest Drive, Suite 207, Columbia, SC 29204. Plaintiffs are informed and believe and based thereon allege that Defendant **SUSCRIBERBASE, INC. (hereafter "SUSCRIBERBASE")** is **a South Carolina Corporation**. (See South Carolina Secretary of State report attached hereto as Exhibit "A".)

5. Plaintiffs are informed and believe and based thereon allege that Defendants, **SUSCRIBERBASE HOLDINGS, INC.** is and was at all times relevant herein a business located at address 3830 Forest Drive, Suite 207, Columbia, SC 29204. Plaintiffs are informed and believe and based thereon allege that Defendant **SUSCRIBERBASE HOLDINGS, INC. (hereafter "SUBSCRIBERBASE HOLDINGS")** is **a South Carolina Corporation**. (See South Carolina Secretary of State report attached hereto as Exhibit "B".)

6. Plaintiffs are informed and believe and based thereon allege that Defendants, **CONSUMER RESEARCH CORPORATION INC.,** is and was at all times relevant herein a business located at address 3830 Forest Drive, Suite 207, Columbia, SC 29204. Plaintiffs are informed and believe and based thereon allege that Defendant **CONSUMER RESEARCH**

1  **CORPORATION INC. (hereafter "CRC")** is **a South Carolina Corporation**.  (See South
2  Carolina Secretary of State report attached hereto as Exhibit "C".)

3       7.    Plaintiffs are informed and believe and therefore allege that Defendants:

4       **BRAND APPAREL REWARDS, aka BRANDAPPARELREWARDS.COM,**
5       **BRAND REWARD ZONE, aka BRANDREWARDZONE.COM,**
      **CHOICE DEALZ, aka CHOICEDEALZ.COM,**
6       **CHOOSE YOUR COLOR, aka CHOOSEYOURCOLOR.COM,**
7       **CHOOSE YOUR SKIN, aka CHOOSEYOURSKIN.COM,**
8       **GET YOUR SMART PHONE, aka GETYOURSMARTPHONE.COM,**
      **GO GREEN OFFERS, aka GOGREENOFFERS.COM,**
9       **HANDBAG TEST PANEL, aka HANDBAGTESTPANEL.COM,**
10       **HD TEST PANEL, aka HDTESTPANEL.COM,**
11       **HIS AND HER LAPTOP, aka HISANDHERLAPTOP.COM**
12       **HIS AND HER SMART PHONES, aka HISANDHERSMARTPHONES.COM,**
13       **LAPTOP REPORT CARD, aka LAPTOPREPORTCARD.COM,**
      **MY CAREER ADVANTAGE, aka MYCAREERADVANTAGE.COM,**
14       **MY HOME PROMOTIONS, aka MYHOMEPROMOTIONS.COM,**
15       **MYSTERY MALL SHOPPER, aka MYSTERYMALLSHOPPER.COM,**
16       **ONE STOP REWARDS, aka ONESTOPREWARDS.COM,**
17       **PRODUCT TEST PANEL, aka PRODUCTTESTPANEL.COM,**

18 (hereafter "**Brands**") are brands, aliases or agents for Defendants **SUBSCRIBERBASE**
19 **HOLDINGS and CRC**.   (See the WHOIS reports for each of the brand name web sites
20 indicating ownership by **SUBSCRIBERBASE HOLDINGS** attached hereto as Exhibit "D".)

21       8.    Plaintiffs are informed and believe and based thereon allege that Defendants
22 **SUBSCRIBERBASE HOLDINGS** and **CRC** are in fact agents, partners, subsidiaries, or
23 employees of Defendant **SUSCRIBERBASE.  (**See the web site printouts for
24 **SUBSCRIBERBASE** indicating **SUBSCRIBERBASE HOLDINGS** is the marketing division of
25 **SUBSCRIBERBASE** attached hereto as Exhibit "E"; also see the "About Us" web pages for
26 the various **Brands** indicating they are owned by **CRC**; attached hereto as Exhibit "F";  also
27 see the whois reports for each of the **Brands** indicating they are owned by
28 **SUBSCRIBERBASE HOLDINGS** attached hereto as Exhibit "D"; also see the whois reports

1  for subscriberbase.com indicating ownership of the web site by **SUBSCRIBERBASE** attached
2  hereto as Exhibit "G".)

3      9.    Plaintiffs **ASIS INTERNET SERVICES (hereafter "ASIS") and JOEL HOUSEHOLTER (hereafter "FOGGY")** do not know the true names and capacities of defendants **ADVERTISERS, and DOES ONE through FIFTY, inclusive**, their business capacities, their ownership connection to the business(es), nor their relative responsibilities in causing the violations of *California Business and Professions Code* §17529.5 and other violations herein complained of, and alleges, on information and belief, a joint venture and common enterprise by all such defendants. Plaintiffs are informed and believe that each of the defendants herein, including **DOES ONE to FIFTY, inclusive**, is the agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, joint venture, partner, and associate, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described. Plaintiffs will seek leave to amend this Complaint when the true names, capacities, connections and responsibilities of defendants **ADVERTISERS, and DOES ONE through FIFTY, inclusive**, are ascertained.

    10.    Plaintiffs are informed and believe and therefore allege that all named Defendants, including **DOES ONE to FIFTY, inclusive**, conspired to commit the acts described herein, or alternatively, aided and abetted one another in the performance of the wrongful acts hereinafter alleged.

    11.    Plaintiff **ASIS** is a California corporation registered to do business in California and is located in Garberville, California. **ASIS** provides Internet service and email service within the meaning of *California Business & Professions Code* §17529.5. **ASIS** received the emails at issue while performing services as an internet access provider and email service provider for its customers. Plaintiff **ASIS** is an email service provider. **ASIS** is an Internet

Access service, in operation since 1995, in the isolated community of Garberville, California, providing dial-up and broadband, internet and email service to much of the population of Garberville. **ASIS** currently has just under 1,000 Internet access and email customers. **ASIS** is incorporated to do business in California. **ASIS** is licensed to do business in Garberville, California. Plaintiff both owns and leases hardware and network bandwidth in providing its services. It costs approximately $3,000 per month to process SPAM emails in both processing and employee costs. **ASIS** receives approximately 200,000 SPAM emails per day to all of its and its customers email accounts (both active and inactive). **ASIS** received the emails at issue in this matter between August 2, 2008 and July 7, 2009, in the following manner: **ASIS** received the emails first on its own server running them through Spam Assassin; emails are then sent on to Postini who filters the emails again using its own criteria; Postini then distributes suspected spam to the users' individual message centers and sends legitimate emails back to **ASIS** where it is deposited in the users' email boxes; blatant spam to open accounts with asis.com addresses are archived immediately by **ASIS** and not transferred or processed through Postini, they are collected in **ASIS'** database for review by its attorneys' IT Tech; spam emails directed to closed accounts with xprs.net and konocti.net addresses are never sent to Postini, but are sent directly to **ASIS'** database for review by its attorneys' IT Tech; legitimate emails to xprs.net and konocti.net are sent directly from **ASIS** servers to the users' email boxes; spam to closed accounts of asis.com are first received on **ASIS'** server running through Spam Assassin, forwarded to Postini for its filtering, and returned to **ASIS** with a ng@asis.com alias. **ASIS** has been in business of providing dial-up and DSL internet and email services to Humboldt County, California, since 1995, primarily in the isolated community of Garberville, California. In 2008 **ASIS** had 950 customers for both internet access and 1500 email service accounts. **ASIS** provides these services through: its own equipment, service agreements with Postini, Falcon Knight, AT&T and other vendors; and its team of 4 employees. **ASIS** owns various domain names used to provide internet and email services. Specific emails may have a higher cost than the average cost if they contain viruses or hacker software, or if they result in customer SPAM complaints. **ASIS** occasionally suffers network

1  and server slow downs based on daily receipt of SPAM emails.  **ASIS** does not use its
2  administrative accounts for any purpose other than to conduct its business; that business does
3  not include soliciting email advertisements.  Comments left on the primary website of **ASIS**
4  indicate that release of the email addresses used in the emails in this action could result in
5  retaliation in the form of spam attacks from spammers and hackers.  See Declaration of Nella
6  White ¶¶2-16 (Exhibit "O") and attached Exhibits 1-4.

7  12. Plaintiff **FOGGY** is a sole proprietorship located in Eureka, California.  **FOGGY**
8  provides internet and email service within the meaning of *California Business & Professions*
9  *Code* §17529.5.  **FOGGY** received the emails at issue while performing services as an internet
10 access provider and email service for its customers.  Plaintiff **FOGGY** is an email service
11 provider.  **FOGGY** is an Internet Access service, in operation since 1998, in Humboldt County,
12 California, providing dial-up internet and email service to Humboldt County.  **FOGGY** is
13 licensed to do business in Humboldt County.  It costs **FOGGY** approximately $1,221 per month
14 to process SPAM emails in both processing and employee costs.  **FOGGY** receives
15 approximately 33,273 SPAM emails per day to all of its and its customers email accounts (both
16 active and inactive) or approximately 1,011,165 SPAM emails in an average month.  **FOGGY**
17 received the emails at issue in this matter between July 31, 2008, through July 7, 2009, in the
18 following manner:  **FOGGY** received the emails first on its Barracuda filtering; then transferred,
19 processed, and stored the emails on its email server; and then transferred the emails to it's
20 attorney where they were stored on a special SPAM storage and investigation server.  **FOGGY**
21 has been in business of providing dial-up internet and email services to Humboldt County,
22 California, since 1998.  In 2007 **FOGGY** had 75 customers for internet access and 180 email
23 service customers.  **FOGGY** provides these services through: its own equipment, AT&T and
24 other vendors; and its employee.  **FOGGY** owns various domain names used to provide
25 internet and email services.  In addition **FOGGY** is the Administrative Contact for and/or hosts
26 7 additional domains.  Specific emails may have a higher cost than the average cost if they
27 contain viruses or hacker software, or if they result in customer SPAM complaints.  **FOGGY**
28 collects all SPAM emails sent to its servers.  Among those are emails sent to active, inactive,

1 and administrative accounts. **FOGGY** occasionally suffers network and server slowdowns
2 based on daily receipt of SPAM emails. **FOGGY** purchased and installed a Barracuda spam
3 filtering system (server and software) in July of 2007. Prior to acquiring the Barracuda system,
4 **FOGGY** only used DSPAM, which it still runs as both SPAM filters are required to eliminate
5 most of the SPAM. This upgrade in spam filtering was caused in part by the emails at issue in
6 this case. Joel Householter spends about an hour each day, seven days a week, working with
7 customers fixing problems where SPAM evades the filters. The system administrator spends 2
8 hours per week working on upgrades and problems with the filters. See Declaration of Joel
9 Householter ¶¶2-14 (Exhibit "P") and attached Exhibits 1 and 2.

10       13. Plaintiffs are informed and believe and based thereon allege that Defendants
11 advertised in **1533** commercial electronic mail advertisements sent to Plaintiff **ASIS'** protected
12 computers from August 2, 2008, through July 7, 2009, with a subject line that a person would
13 know would be likely to mislead a recipient, acting reasonably under the circumstances, about
14 a material fact regarding the contents and subject matter of the message.

15       14. Plaintiffs are informed and believe and based thereon allege that Defendants
16 advertised in **921** commercial electronic mail advertisements sent to Plaintiff **FOGGY's**
17 protected computers from July 31, 2008, through July 7, 2009, with a subject line that a person
18 would know would be likely to mislead a recipient, acting reasonably under the circumstances,
19 about a material fact regarding the contents and subject matter of the message.

20       15. Plaintiffs state that **some** of the email accounts that the **1533** commercial emails
21 sent to **ASIS** accounts did not solicit the emails. Plaintiffs state that **some** of the email
22 accounts that the **921** commercial emails sent to **FOGGY** accounts did not solicit the emails.
23 These emails were unsolicited because many were sent to unassigned or inactive email
24 accounts owned by **ASIS** and **FOGGY**. Some of the emails were sent to live consumer
25 accounts provided by **ASIS** or **FOGGY** to their customers. **ASIS** did not solicit any product,
26 service, or information from any entity using these email accounts. **FOGGY** did not solicit any
27 product, service, or information from any entity using these email accounts.
28 ///

# FIRST CAUSE OF ACTION
### (Violation of *California Business and Professions Code* §17529.5 Unlawful activities relating to commercial email advertisements.)

16. Plaintiffs refer to the allegations of paragraphs 1 through 15 of this complaint and incorporate the same herein by this reference as though set forth in full.

17. Plaintiffs are informed and believe and based thereon allege that all of the relevant electronic mails sent by or on behalf of the Defendants between July 31, 2008, through July 7, 2009, contained subject lines that were false and misleading in that they made an offer for a free product and did not provide anywhere in the email the terms and conditions for that offer.

18. 15 *USC* §45(d) provides that the orders of the Federal Trade Commission (FTC) are exclusive unless overturned by the United States Court of Appeals. The FTC has issued 16 *CFR* part 251, "Guide concerning use of the word 'free' and similar representations." The California Courts have found that the FTC has used the reasonable consumer standard adopted by California in claims for false advertising in development of the FTC's rules concerning false advertising and that those rules apply. (*Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 512-513 [129 Cal.Rptr.2d 486). 16 *CFR* Part 251 states that the terms of a free offer should be set out clearly and conspicuously at the outset of the offer so that no misunderstanding can occur. Therefore a violation of 16 *CFR* part 251 represents a material misrepresentation under 15 *USC* §45(d) that would likely mislead a consumer acting reasonably under the circumstances. A violation of 16 *CFR* part 251 also meets the California reasonable consumer standard for definition of a material misrepresentation.

19. Plaintiffs received **2454** emails containing false advertisements **(1533** to **ASIS** and **921** to **FOGGY**) that can be categorized within 11 types. Within each category the format and data in the email is substantially the same. The categories are shown in the following table with examples of each attached in the corresponding exhibits set forth in the table:

| Categories | Exhibit H – **ASIS** | Number each type | Exhibit I – **FOGGY** | Number each type |
|---|---|---|---|---|
| Smart Phones (BlackBerry/iPhone) | Type 1 | 812 | Type 1 | 407 |
| Gift Cards | Type 2 | 213 | Type 2 | 10 |

| | | | | |
|---|---|---|---|---|
| HDTVs | Type 3 | 128 | Type 3 | 40 |
| Laptops | Type 4 | 126 | Type 4 | 99 |
| Mystery Shopping (Mystery Shoppers Needed) | Type 5 | 122 | Type 5 | 102 |
| Handbags | Type 6 | 57 | Type 6 | 39 |
| Home Appliances (Washers, Vacuum Cleaners) | Type 7 | 52 | Type 7 | 5 |
| Digital Cameras | Type 8 | 15 | Type 8 | 43 |
| Pampered Chef Distributor (MyCareerAdvantage.com) | Type 9 | 6 | Type 9 | 174 |
| Golf Clubs | Type 10 | 2 | Type 10 | 1 |
| NutriSystem | Type 11 | 0 | Type 11 | 1 |
| Total Emails | | 1533 | | 921 |

Plaintiffs received **2454** emails containing false advertisements **(1533** to **ASIS** and **921** to **FOGGY**) from Defendants directly or their dba Brands.  Following is a table setting forth the number of emails received from each Defendant or Brand of Defendant.

| NUMBER OF EMAILS FROM EACH DEFENDANT / BRAND | | |
|---|---|---|
| **DEFENDANTS / BRANDS** | **ASIS #** | **FOGGY #** |
| **CONSUMER RESEARCH CORPORATION** | 0 | 31 |
| **BRANDAPPARELREWARDS.COM** | 51 | 0 |
| **BRANDREWARDZONE.COM** | 26 | 6 |
| **CHOICEDEALZ.COM** | 49 | 1 |
| **CHOOSEYOURCOLOR.COM** | 15 | 0 |
| **CHOOSEYOURSKIN.COM** | 5 | 6 |
| **GETYOURSMARTPHONE.COM** | 746 | 390 |
| **GOGREENOFFERS.COM** | 12 | 8 |
| **HANDBAGTESTPANEL.COM** | 24 | 39 |
| **HDTESTPANEL.COM** | 28 | 22 |
| **HISANDHERLAPTOP.COM** | 49 | 2 |
| **HISANDHERSMARTPHONES.COM** | 37 | 0 |
| **LAPTOPREPORTCARD.COM** | 2 | 26 |
| **MYCAREERADVANTAGE.COM** | 6 | 174 |
| **MYHOMEPROMOTIONS.COM** | 30 | 0 |
| **MYSTERYMALLSHOPPER.COM** | 6 | 47 |
| **ONESTOPREWARDS.COM** | 0 | 2 |
| **PRODUCTTESTPANEL.COM** | 428 | 157 |
| **RETAILREPORTCARD.COM** | 19 | 10 |
| **TOTAL EMAILS RECEIVED** | **1533** | **921** |

Sample emails are attached hereto in Exhibits H (ASIS) and I (FOGGY).  The addressee's names have been redacted in this Complaint to protect consumer's privacy, and protect **ASIS** and **FOGGY** from retaliation and theft of email address information.  The entire lists of subject lines used in the **2454** email are attached hereto as Exhibit J (for ASIS) and Exhibit K (for

FOGGY). Exhibit J and Exhibit K also each contain a complete list of the emails identified by:

    (1)    the date each email was sent,
    (2)    the sent from name and address,
    (3)    the subject line, and
    (4)    the landing page/advertising brand for each.

Attached hereto as Exhibits L1 and L2 are complete lists of each unique subject lines with a subtotal of the number of emails sent for each unique subject line to ASIS and to FOGGY respectively.

        20.    Plaintiffs received **2454** emails with subject lines containing free offers. All of these subject lines were false and misleading and would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message in violation of **California Business and Professions Code** §17529.5(a)(3). Plaintiffs allege that the "circumstances" required are plainly visible in the actual subject lines of the emails. The email subject lines received by Plaintiffs were clearly intended to get someone to open the email by enticing them with a free gift. See a complete list of subject lines appearing all of the emails referenced in this complaint at Exhibits "J" and "K". Further, the body of the emails further the impression of a free gift with the statements further offering the free gift and a link to a web site to get the free gift. The email subject lines represent that the recipient has received a free gift, the body of the emails continue this misrepresentation making the representation a material attempt to mislead the intended recipient consumer. 16 **CFR** part 251 clearly states that the requirements for participation must appear within the same page of the offer and must be conspicuous. None of the emails describe any terms or conditions on the first page. The emails contain a statement that the offer is subject to terms and conditions, however, those terms and conditions do not appear anywhere in the email. Once the recipient clicks on the active links in the email they are taken to one of several landing pages where they must submit information to continue. Only at this point are they given any information of the actual terms of this offer, these pages contain the following or a similar statement:

> "1) Must be a legal US resident; 2) must be at least 18 years old or older; 3) must have a valid email and shipping address; 4) Eligible members can receive the incentive gift package by completing two reward offers from each of the Top, Prime and Premium reward offer page options. Various types of reward offers are available. Completion of reward offers most often requires a purchase or filing a credit application and being accepted for a financial product such as a credit card or consumer loan. The following link illustrates a Representative Sample of reward offers by group along with monetary and non-monetary obligations. Failure to submit accurate registration information will result in loss of eligibility."

See Exhibit "M" for samples of the Landing Pages. At this point they are also given an opportunity to review the Privacy Policies and Terms and Conditions to acquire the free gifts. See Exhibit "N" for Privacy policies and Terms & Conditions for each "Brand." After entering their information, the recipient is taken to a second page where they are required to provide detail personal information and the process of buying products and signing up for services begins. The subject lines are clearly intended to trick the recipients into thinking they are getting a free gift in order to entice them into opening and responding to the emails. In all cases the emails do not contain terms and conditions for the free offer and are therefore in violation of 16 **CFR** part 251. As the email subject lines are in violation of 16 **CFR** part 251, they are a material misrepresentation likely to mislead consumers acting reasonably under the circumstances, and therefore are in violation of **California Business and Professions Code** §17529.5(a)(3).

21. **California Business and Professions Code** §17529.5 is part of the California False Advertising Law (**Business and Professions Code** §17500 et seq.) and requires that the plaintiff allege falsification, misrepresentation, or forgery. The California courts have interpreted this language to mean that the plaintiff must plead averments of fraud. Fraud as it relates to The California False Advertising Law is defined by the courts as requiring a showing of misleading or deceitful statements, knowledge and intent to deceive. (**Colgan v. Leatherman Tool Group, INC.,** 135 Cal.App.4th 663 at 682, 38 Cal.Rptr.3d 36 (2006).)

22. Plaintiffs are informed and believe and based thereon allege that Defendants advertised in the **2454** subject emails with misleading or deceitful statements, knowledge and

1  intent to deceive.

2  23.  Plaintiffs are informed and believe and based thereon allege that Defendants
3  advertised in the **2454** subject emails with misleading or deceptive statements, knowledge,
4  and intent to deceive. Plaintiffs are informed and believe and based thereon allege that the
5  false subject lines as discussed above would deceive a reasonable consumer by tricking them
6  into thinking they are getting a free gift, and by concealing the information that they must
7  provide significant personal information, sign up for various offers to get that free gift, and
8  provide a release to use their information for marketing purposes and are therefore misleading
9  and deceitful statements.

10  24.  Plaintiffs are informed and believe and based thereon allege that Defendants did
11  not provide the terms and conditions of the free offer to deceive the recipient indicating intent
12  and knowledge.

13  25.  Plaintiffs are informed and believe and based thereon allege that **2454** emails
14  containing misrepresentations were sent to multiple email accounts at multiple email services,
15  indicating an intent to deceive.

16  26.  The actual terms and conditions for getting the free gifts are not included
17  anywhere in the email indicating an intent to deceive by not providing information to correct the
18  misrepresentation when the opportunity arises.

19  27.  All of the advertisements were addressed to consumer accounts with domain
20  names owned by **ASIS** or **FOGGY**. Plaintiffs are informed and believe and based thereon
21  allege knowledge of where the advertisements were being sent based on the header
22  information in the subject emails.

23  28.  As a proximate result of said unlawful conduct by said Defendants, Plaintiffs are
24  entitled to liquidated damages in the amount of $1,000.00 for each unsolicited commercial
25  email transmitted in violation of *California Business and Professions Code* §17529.5(a) as
26  set forth in *California Business and Professions Code* §17529.5(b)(1)(B)(ii).

27  29.  Plaintiffs furthermore seek their attorney fees and costs against the defendants
28  pursuant to *California Business and Professions Code* §17529.5(b)(1)(C).

1  30. Plaintiffs are informed and believe and based thereon allege that Defendants have taken no significant action to prevent the sending of illegal advertisements in their names as they have been sued in both California and Washington under similar claims, and having had good notice of the laws of California have persisted in these illegal marketing tactics.

**WHEREFORE**, plaintiffs pray judgment against the defendants and each of them as follows:

1. For liquidated damages of $1,000.00 for each violation of *California Business and Professions Code* §17529.5(a) in the sum of **$2,454,000.00**;

2. For an award of reasonable attorneys' fees and costs according to proof;

3. For costs of suit; and

4. For such other and further relief as this Courts deems just and proper.

**SINGLETON LAW GROUP**

Dated: December 29, 2009      /s/ Jason K. Singleton
Jason K. Singleton
Richard E. Grabowski,
Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**