**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

Attorneys for Plaintiffs, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET,**<br><br>    Plaintiffs,<br>vs.<br><br>**SUSCRIBERBASE INC., a South Carolina Corporation, SUSCRIBERBASE HOLDINGS INC., a South Carolina Corporation, CONSUMER RESEARCH CORPORATION INC., a South Carolina Corporation, et al.,**<br><br>    Defendants. | CASE NO:  CV 09-3503 SC<br><br>MOTION BY PLAINTIFF ASIS FOR DISMISSAL OF ALL DEFENDANTS<br><br>DATE: September 17, 2010<br>TIME:   10:00 A.M.<br>CTRM: 1, 17TH FLOOR |

### I. NOTICE OF MOTION AND MOTION:

To Defendants, **SUSCRIBERBASE INC., a South Carolina Corporation, SUSCRIBERBASE HOLDINGS INC., a South Carolina Corporation, CONSUMER RESEARCH CORPORATION INC., a South Carolina Corporation, et al.,** and their attorneys of record:

Please take notice that on Friday, September 17, 2010, at 10:00 a.m., or as soon thereafter as counsel may be heard by the above entitled Court, located in Courtroom 1, 17th Floor, 450 Golden Gate Ave., San Francisco, California, Plaintiff **ASIS INTERNET SERVICES** ("ASIS")  only will and hereby does move the Court for an order dismissing its claims against all Defendants.

Said Motion is based on the following grounds:

1. Plaintiff has received a negative judgment in an unrelated case that threatens to place **ASIS** in either bankruptcy or corporate dissolution. As such **ASIS** does not have the resources or ability to continue prosecution of this action. In addition, **ASIS**, so that services can continue to be provided to the people of Humboldt County, has sold off its assets. The resulting funds have been used primarily to pay invoices from other service providers pre-paid by customers. This has left **ASIS** with almost no assets and no income.  See Declaration of Nella White ¶¶2 – 4.

2. Plaintiff ASIS has made an offer to Defendants to stipulate to its dismissal. Defendants have refused to stipulate. See Declaration of Jason K Singleton ¶ 2 and Exhibit A.

3. **FRCP** Rule 21 grants the Court authority on motion to drop or sever any party.

This motion is based on this Notice of Motion and Motion and upon such other matters as may be presented to the Court at the time of the hearing.

**SINGLETON LAW GROUP**

Dated:       July 14, 2010              /s/ Jason K. Singleton
                                        Jason K. Singleton
                                        Richard E. Grabowski
                                        Attorneys for Plaintiffs, **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba FOGGY.NET**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.    The court has authority to drop any party on motion or on its own.**

The Court has discretion to drop any party or sever any action on motion or on its own, "on just terms". **FRCP** Rule 21. The Court must consider two factors in dropping a party: 1) Does dropping the party affect diversity jurisdiction? 2) Does dropping the party prejudice the remaining parties? (***Newman-Green, Inc. v. Alfonzo-Larrain***, 490 U.S. 826, 832 and 837 (U.S.Ill.,1989); See also ***Galt G/S v. JSS Scandinavia***, 142 F.3d 1150, 1154 (9th Cir. 1998).

This action was brought on the basis of diversity jurisdiction under 28 **U.S.C.** §1332 for disputes between citizens of different states where "the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs."

Diversity was established based on the fact that both Plaintiffs **ASIS** and **JOEL HOUSEHOLTER** are resident in California and all Defendants are resident in South Carolina. The initial amount in controversy was $2,454,000.00. If **ASIS** is allowed to withdraw the remaining amount in controversy will be $921,000.00 (the penalty of $1000 times the 921 emails complained of by **FOGGY** as violations of *California Business and Professions Code* §17529.5(a)). See First Amended Complaint ("FAC") ¶¶ 1, 14, and Prayer.

Therefore diversity is preserved.

There appears to be no prejudice to the any parties in this matter. In fact, it appears that Defendants are significant beneficiaries of the results of the unrelated case that caused Plaintiff **ASIS'** problems.

Therefore Plaintiff requests that the Court drop Plaintiff **ASIS** from this matter.

**SINGLETON LAW GROUP**

Dated: July 13, 2010        /s/ Jason K. Singleton
                            Jason K. Singleton
                            Richard E. Grabowski, Attorneys for Plaintiffs,
                            **ASIS INTERNET SERVICES and JOEL
                            HOUSEHOLTER, dba KNEELAND
                            ENGINEERING, dba FOGGY.NET**