**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Cal. Bar No. 226112)
Henry M. Burgoyne, III (Cal. Bar No. 203748)
Jeffrey M. Rosenfeld (Cal. Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Defendants SubscriberBase, Inc, SubscriberBase Holdings, Inc. and Consumer Research Corporation

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>**SUBSCRIBERBASE INC.,** *et al.,*<br><br>Defendants. | Case No. CV-09-3503<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF ASIS INTERNET SERVICES'S MOTION FOR DISMISSAL OF ALL DEFENDANTS**<br><br>Date: September 17, 2010<br>Time: 10:00 a.m.<br>Courtroom: 1, 17th Floor |

Case No. CV-09-3503

**DEFENDANTS' OPPOSITION TO ASIS'S MOTION FOR DISMISSAL OF ALL DEFS**

Defendants SubscriberBase Inc., SubscriberBase Holdings Inc., and Consumer Research Corporation Inc. (collectively, "Defendants") hereby oppose Plaintiff ASIS Internet Services ("ASIS")'s motion to dismiss.

## INTRODUCTION

From the outset of this lawsuit, Defendants have warned the Court about ASIS's gamesmanship. There is no better example of this gamesmanship than ASIS's current motion. Over the last six months, ASIS has forced Defendants to incur significant litigation costs, despite the fact that ASIS had sold all of its assets and customer accounts to a third party, had drained ASIS's cash proceeds for ASIS's principal's personal benefit, and had effectively shuttered its business seven months ago. In fact, for the better part of a year, ASIS has not even functioned as an Internet service provider, as required for standing under section 17529.5. ASIS took these actions specifically to avoid paying an $800,000 judgment entered against it as a sanction for its baseless litigation. *ASIS Internet Services v. Optin Global*, *Inc.*, No. 05-5124, 2010 WL 2035327, *passim* (N.D. Cal. May 19, 2010) [hereinafter Azoogle Fee Decision]. In the Azoogle Fee Decision, the Honorable Joseph Spero found that the award of over $800,000 in attorneys' fees was necessary to deter ASIS and others from such vexatious litigation practices. ASIS has refused to pay a cent of this award however, and has continued to litigate this case and other cases despite the fact that its principal has withdrawn ASIS's remaining cash reserves for her personal use. ASIS's actions have come as no surprise to Defendants, given that over the past several years ASIS has functioned as a litigation mill, with Judge Chen stating, "it is evident the ASIS's litigation is brought primarily for the purpose of profiting from litigation and not protecting its underlying business." Now that its game is up, ASIS wants to cut its losses and run. Such tactics are fundamentally unfair and not permissible.

In its motion for a voluntary dismissal, ASIS ignores several significant facts. ASIS ignores the fact that it has yet to produce any evidence supporting several material allegations in its Amended Complaint. ASIS ignores the fact that it has forced

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Defendants to incur significant costs in defending this action. ASIS ignores the fact that Defendants have engaged in extensive discovery and document production, which have evidenced that Defendants were not involved in the sending of the emails at issue. ASIS ignores the fact that its claim of poverty is contradicted by its principal's withdrawals of ASIS's funds. ASIS disregards the judgment liens that have been filed in this case in connection with the Azoogle Fee Decision, which liens would jeopardize what little chance Plaintiffs have of extracting any settlement. Most significantly, ASIS obfuscates the fact that ASIS offered to dismiss this action only without prejudice, even though ASIS no longer functions as an Internet service provider ("ISP").

Federal Rule of Civil Procedure 41(a)(2) seeks to prevent voluntary dismissals that unfairly affect the defendant and to permit the imposition of curative conditions. Where a defendant would be unfairly prejudiced by a plaintiff's dismissal, the Court should require that such dismissal be with prejudice and/or that compensatory conditions be imposed on the dismissal. ASIS is still playing a game, seeking to dismiss this action without prejudice even after the company has stopped functioning as an ISP. ASIS's attorney is aware of the judgment lien in this action, and how that lien will affect any chance of settlement with his other client, Householter. Defendants have incurred considerable expenses completing discovery and furnishing all of their relevant information to Plaintiffs. Defendants deserve a definitive resolution to this action. Given ASIS's dishonest litigation tactics, the Court should only allow ASIS to dismiss this action with prejudice and/or upon the condition of ASIS paying Defendants' costs and attorneys' fees.

## BACKGROUND

**A.  ASIS's Spam Litigation History.**

ASIS is a small, apparently defunct ISP located in Humboldt County, California. (Declaration of Jeffrey M. Rosenfeld in Opposition to Plaintiff ASIS Internet Services's Motion for Dismissal of All Defendants ("Rosenfeld Decl.") ¶2 & Ex. A at Nos. 15-16; ¶3 & Ex. B.) ASIS supposedly sold all of its assets and customer accounts in January 2010 to

Case No. CV-09-3503   2   **DEFENDANTS' OPPOSITION TO ASIS'S MOTION FOR DISMISSAL OF ALL DEFS**

third party, A Simple Internet Solutions, Inc. ("Simple Internet"). (*Id.* ¶3 & Ex. B.) Despite this sale, ASIS continued to litigate this action well after it had stopped offering any ISP services. (*Id.* ¶4.)

To date, ASIS has brought at least 18 email marketing lawsuits, seeking millions-upon-millions of dollars in statutory damages. (Rosenfeld Decl. ¶5.) ASIS and its counsel, the Singleton Law Group ("Singleton"), spent little if any time investigating the allegations in their various complaints, as each complaint was nearly identical to the last, with only the names of the parties and the number of emails changed. (*Id.* ¶6 & Exs. C-E.) ASIS filed its latest lawsuit in June 2010, months after it supposedly sold all of its assets and customer accounts. (*Id.* ¶7 & Ex. F.)

With its 18 lawsuits, ASIS has named over 50 individuals and companies as defendants. (Rosenfeld Decl. ¶5.) These defendants incurred the very real costs of defending a lawsuit. Based on these costs, many of the defendants immediately settled with ASIS, with only a handful investing the resources to challenge ASIS's claims. (*Id.*) To be clear, ASIS's 18 lawsuits were a money-making enterprise for ASIS. Since 2007, ASIS has made hundreds of thousands of dollars in settlements, comprising a large part of ASIS's revenue. Thus, Judge Chen described ASIS as a litigation mill, stating "it is evident the ASIS's litigation is brought primarily for the purpose of profiting from litigation and not protecting its underlying business." *ASIS Internet Services v. Member Source Media, LLC* (Rosenfeld Decl. ¶8 & Ex. G at 7:25-27.)

While nearly all of the defendants in ASIS's 18 lawsuits settled, when ASIS was challenged on the merits of its lawsuits, ASIS lost decisively. The U.S. District Court for the Northern District of California issued a summary judgment decision that all-but-precluded ASIS from prevailing on any CAN-SPAM suit. *ASIS Internet Services v. Optin Global, Inc.*, No. 05-5124, 2008 WL 1902217, \**passim* (N.D. Cal. April 29, 2008) [hereinafter, Azoogle Merits Decision]. By comparison, over the course of its 18 lawsuits, ASIS never received a single opposed judgment on the merits. No court ever found that ASIS could prove up any of its claims.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Significantly, throughout all of these lawsuits, it is Singleton who has been the real
2   plaintiff in interest. ASIS never read or relied on the emails at issue in these lawsuits, or
3   suffered any damages as a result of misrepresentations supposedly made in them. In
4   fact, it's unclear whether ASIS was even involved in the decision to bring this lawsuit. It
5   is Singleton who has collected millions-upon-millions of emails from ASIS and other ISPs
6   without regard to whether those emails are lawful or unlawful. It is Singleton who has
7   created a self-described "spam database" to store and organize these millions of emails.
8   And it is Singleton who has searched through these emails, without regard to the
9   intended recipients' privacy, in hopes of finding hooks for lawsuits.

### B. The Judgment Against ASIS.

As discussed above, the Azoogle Merits Decision found that after litigating for over a year, ASIS had no evidence of any adverse effect and had no evidence that the defendants had sent or even knew about the emails at issue. The Azoogle Merits Decision was entered in April 2008. One would have thought that the Azoogle Merits Decision would have deterred ASIS from future litigation. But no. ASIS continued to file lawsuit after lawsuit.

After the Azoogle Merits Decision—and after ASIS's failed appellate efforts—defendant AzoogleAds.com, Inc. ("Azoogle") filed a motion for sanctions in the form of attorneys' fees against ASIS. The Court awarded attorneys' fees to Azoogle, finding:

> Even assuming ASIS might have reasonably believed when it initially named Azoogle as a defendant that it would be able to establish standing – a question that turned on an as-yet unresolved issue of law – there was never any evidence that Azoogle sent or procured the emails on which ASIS based its claims. Rather, it is apparent that ASIS sued Azoogle based on little more than speculation that there *might* be a connection between those emails and Azoogle. ASIS then continued to litigate even as its discovery efforts turned up no evidence in support of its claims against Azoogle. Having initiated over 20 similar actions, and sued over 20 defendants in this action alone, an award of attorneys' fees here is necessary to deter ASIS and other plaintiffs hoping to profit under the CAN-SPAM Act from casting such a wide net. The Court also concludes that an award of fees advances the interests of compensation to the extent that Defendant Azoogle was forced to defend itself against ASIS's groundless claims, resulting in years of litigation and over a

REDACTED PUBLIC VERSION

million dollars in attorneys' fees. Accordingly, the Court awards Azoogle's attorneys' fees under 15 U.S.C. § 7706(g)(4). *ASIS Internet Services v. Optin Global, Inc.*, No. 05-5124, 2010 WL 2035327, *4 (N.D. Cal. May 19, 2010).

Thus, on May 19, 2010 the Northern District of California awarded Azoogle $806,978.84 in fees against ASIS. (*Id.*) While ASIS has refused to pay a cent of this award to Azoogle, its refusal is not for a lack of money. (Rosenfeld Decl. ¶9.) On May 19, 2010—the exact same date the court entered its fee award against ASIS—Singleton issued a check to ASIS for ▮▮▮▮ (*Id.* ¶10 & Ex. H.) That same day, ASIS's President and sole shareholder, Nella White, withdrew ▮▮▮▮ from ASIS's bank account. (*Id.* ¶11 & Ex. I.) It appears that Ms. White made additional withdrawals after May 19 for her personal benefit. (*Id.* ¶12 & Ex. J.) ASIS now takes the position that it is defunct and will file for bankruptcy, notwithstanding the personal withdrawals that Ms. White made, and notwithstanding the costs ASIS has imposed on Defendants.[1] (Declaration of Nella White in Support of Motion by Plaintiff ASIS for Dismissal of All Defendants ("White Decl.") ¶¶2-3.) To this day, however, ASIS has not filed for bankruptcy, and ostensibly remains a valid corporation under California law. (Rosenfeld Decl. ¶13 & Ex. K.)

Azoogle has filed a notice of a judgment lien in this action against ASIS. [D.E. No. 36.] This notice places an obstacle in the way of Householter's efforts to settle this action while ASIS remains in this case. Unless the judgment creditor's judgment is satisfied or the lien is released, the judgment debtor may not enter into any compromise, dismissal, settlement or satisfaction of the pending action, and may not enforce any judgment recovered in the action, without the judgment creditor's written consent or a court order. *See* C. Civ. P. §708.440(a); *Pangborn Plumbing Corp. v. Carruthers & Skiffington*, 97 Cal. App. 4th 1039, 1048 (2002). Moreover, whether a settlement is

---

[1] In the declaration of Nella White, White testifies under oath, "ASIS, so that services can continue to be provided to the people of Humboldt County, has sold off its assets. The resulting funds have been used primarily to pay invoices from other services providers pre-paid by customers. This has left ASIS with almost no assets and no income." (White Decl. ¶¶2-4.) **This statement is false and dishonest**. Since January 2010, Nella White has withdrawn at least ▮▮▮▮ from ASIS's bank account. (Rosenfeld Decl. ¶¶11, 14_& Exs. I, L.)

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

structured to evade a judgment creditor's lien is material to a court's decision whether to approve a settlement. *See* Code Civ. P. §708.440. Singleton and ASIS want the best of both worlds: they want to dismiss ASIS's claim without prejudice to preserve it as an asset while clearing the road for Householter to prosecute its case.

In summary, over the last five years, ASIS has imposed millions-upon-millions of dollars in litigation costs on over 50 defendants. ASIS has not received a single judgment on the merits in any case. To the contrary, the Azoogle Fee Decision imposed an $806,000 attorneys' fees award against ASIS to deter its litigation practices. ASIS has refused to pay a cent of the judgment. To the contrary, the day that the fee award was entered, ASIS's principal raided the ASIS's till to the sum of $40,000.

**C.    Defendants' Costs in this Action.**

ASIS and Plaintiff Householter filed this action over a year ago. From the outset, Defendants have maintained that Plaintiffs' allegations are false and thus could not conceivably be supported by evidence. Yet, at the pleading stage, this Court was required to assume the complaint's facts are true. Thus, Defendants have incurred the costs of preparing two motions to dismiss, drafting discovery requests, preparing discovery responses, compiling relevant documents, preparing for depositions, participating in ADR processes, and engaging in other case administration. These tasks have imposed significant costs on Defendants.

Moreover, ASIS continued to prosecute this case after it supposedly sold all of its assets and customer accounts to Simple Internet on January 27, 2010. Since that time, ASIS has served an opposition to Defendants' motion to dismiss, served extensive written discovery, negotiated a case management statement and a stipulated protective order, and pursued alternative dispute resolution. All of these completely superfluous tasks by ASIS—which was no longer a functioning ISP—have imposed significant and real costs on Defendants.

Perhaps most significantly, despite Defendants' extensive discovery requests to ASIS and Householter, Defendants have yet to see any evidence supporting many of the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

allegations in the complaint. By comparison, Defendants have furnished Plaintiffs with all relevant discovery materials, which materials establish Defendants' lack of involvement in the emails at issue.

## ARGUMENT

**A. The decision on whether to permit voluntary dismissal and/or to impose conditions on dismissal is within the discretion of the Court.**

Whether to allow dismissal under Federal Rule of Civil Procedure 41(a)(2) rests in the Court's sound discretion.[2] *See Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001). The primary purpose of requiring a court order is to prevent voluntary dismissals that unfairly affect the defendant and to permit the imposition of curative conditions. *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961); *see Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (stating dismissal not appropriate where defendant would suffer "legal prejudice"). In deciding whether to dismiss an action under Rule 41(a)(2), the Court must make three separate determinations: a) whether to allow a dismissal at all, b) whether the dismissal should be with or without prejudice, and c) what terms and conditions should be imposed. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

A voluntary dismissal without prejudice may be denied where the defendant will suffer some prejudice greater than the mere prospect of a second lawsuit. *See Mayes v. Fujimoto*, 181 F.R.D. 453, 458 (D. Haw. 1998). Such "legal prejudice" precluding voluntary dismissal exists where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable. *Id*. And while ordinary costs of litigation are typically not a sufficient cause alone to prevent dismissal, the court can order reimbursement of these expenses as a condition of dismissal.

---

[2] Strangely, ASIS relies on Federal Rule of Civil Procedure 21 as its basis to voluntarily dismiss this action. Rule 21 deals with the misjoinder or non-joinder of parties. Rule 21 does not deal with the standard for voluntarily dismissing a lawsuit, and thus is not relevant here.

Case No. CV-09-3503     7     **DEFENDANTS' OPPOSITION TO ASIS'S MOTION FOR DISMISSAL OF ALL DEFS**

The decision on whether a dismissal is to be with or without prejudice is also within the discretion of the Court. *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d 1502, 1503 (11th Cir. 1991). A dismissal with prejudice is appropriate where it would be inequitable to allow the plaintiff to re-file its action. *Id.* In exercising its discretion, a court must bear in mind that Rule 41(a)(2) exists primarily for the defendants' protection. *Id.* Factors a court will consider in deciding whether to allow dismissal without prejudice are: a) the defendants' efforts and expenses incurred in preparing for trial, b) the plaintiff's diligence in prosecuting the action, c) the plaintiff's explanation for its need to dismiss, and d) the status of the litigation. *See Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

Where a court grants a plaintiff's motion for dismissal, the court must determine what conditions are appropriate. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1391-92 (C.D. Cal. 1996). On granting a dismissal without prejudice, the court may, and typically does, condition the dismissal on the plaintiff reimbursing the defendant for the costs and fees incurred. *See id.* This sum may include attorneys' fees. *See id.* The purpose of such a condition is to compensate the defendant for unnecessary expenses cause by the litigation. *See id.*

**B.  The Court should only allow ASIS to dismiss its suit with prejudice and/or with appropriate compensatory conditions.**

For several reasons, the Court should only allow ASIS to dismiss its suit under Rule 41(a)(2) with prejudice and/or by conditioning such dismissal on ASIS's payment of Defendants' costs and attorneys' fees.

First, while not a necessary element to require conditions or dismissal with prejudice, it is important to recognize that ASIS has litigated this case in bad faith, and that Defendants believe that a Rule 11 motion will ultimately be warranted. ASIS's complaint contains numerous allegations about Defendants' intent and knowledge regarding the emails at issue. Yet, ASIS has not disclosed any information that would support these allegations. ASIS has not disclosed any information suggesting that

1  Defendants advertised in the emails at issue. ASIS has not disclosed any information
2  suggesting that Defendants sent or had sent the emails at issue. And ASIS has not
3  disclosed any information suggesting that Defendants knew about the emails at issue, let
4  alone that Defendants intended for the emails' subject lines to deceive the recipients. In
5  fact, the evidence produced by Defendants demonstrates that <u>Defendants did not send
6  any of the emails at issue in this action</u>. Despite Plaintiffs' lack of evidence and
7  Defendants' exculpatory evidence, both ASIS and Householter have continued to litigate
8  this case. More significantly, ASIS hasn't functioned as an Internet service provider for
9  the better part of a year. Still, ASIS has only offered to dismiss its action without
10 prejudice. This contradiction, by itself, should be enough to raise concern over ASIS's
11 motives.

12 Second, ASIS's litigation of this case has imposed significant costs on
13 Defendants. Defendants have been forced to incur the very real costs of bringing two
14 motions to dismiss, drafting multiple sets of written discovery, responding to multiple sets
15 of written discovery, and engaging in other pretrial procedures. This sum is not a few idle
16 dollars. ASIS's actions have had a concrete financial effect on Defendants.

17 Third, ASIS has shirked its obligations regarding its debts caused by its own
18 litigation activity. This Court has previously described ASIS as a money-making litigation
19 operation. Now that the bill has come though, ASIS wants to cut and run. As discussed
20 above, ASIS has an $800,000-plus debt to Azoogle from a different ASIS lawsuit. ASIS
21 has refused to pay a cent of this judgment, white at the same time continuing to litigate
22 this action, continuing to file new lawsuits, continuing to negotiate settlement payments,
23 and continuing to make distributions to its principal Nella White. In fact, Ms. White
24 withdrew a significant amount of cash proceeds from ASIS the day that the fee award in
25 *ASIS v. Azoogle* was entered. Even more disturbing, this withdrawal appears to have
26 been facilitated by Singleton, who issued a sizeable check to ASIS that very same day.
27 If ASIS and Singleton are willing to shirk their financial responsibilities to other litigants,
28 who will be left to compensate Defendants when this action has ended and Plaintiffs'

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

claims have proved fruitless? If ASIS wants to dismiss this case, it should be forced to pay Defendants' costs and fees.

It is not clear that this case is any different from *Azoogle*, where Judge Spero found: "it is apparent that ASIS sued Azoogle based on little more than speculation that there *might* be a connection between those emails and Azoogle. ASIS then continued to litigate even as its discovery efforts turned up no evidence in support of its claims against Azoogle." Based on all of the above, the Court should only permit ASIS dismiss this action with prejudice and/or a condition requiring ASIS to compensate Defendants for the litigation costs they have incurred.

## CONCLUSION

For all of the reasons set forth above, the Court should deny ASIS's motion to dismiss, and should only grant a dismissal with prejudice and/or conditions.

DATED: August 20, 2010     **KRONENBERGER BURGOYNE, LLP**

By: s/Jeffrey M. Rosenfeld
 Jeffrey M. Rosenfeld

Attorneys for Defendants SubscriberBase, Inc, SubscriberBase Holdings, Inc. and Consumer Research Corporation

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. CV-09-3503

10

**DEFENDANTS' OPPOSITION TO ASIS'S MOTION FOR DISMISSAL OF ALL DEFS**