**Jason K. Singleton,** State Bar #166170
jason@singletonlawgroup.com
**Richard E. Grabowski,** State Bar #236207
rgrabowski@mckinleyville.net
**SINGLETON LAW GROUP**
**611 "L" Street, Suite A**
**Eureka, CA 95501**
**(707) 441-1177**
**FAX  441-1533**

**Attorneys for Plaintiffs, ASIS INTERNET SERVICES and JOEL HOUSEHOLTER**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET, <br><br>  Plaintiffs, <br>vs. <br><br>SUSCRIBERBASE INC., a South Carolina Corporation, SUSCRIBERBASE HOLDINGS INC., a South Carolina Corporation, CONSUMER RESEARCH CORPORATION INC., a South Carolina Corporation, et al., <br><br>  Defendants. | CASE NO:  CV 09-3503 SC <br><br>REPLY TO DEFENDANTS' OPPOSITION TO DISMISSAL <br><br>DATE: September 17, 2010 <br>TIME:    10:00 A.M. <br>CTRM: 1, 17TH FLOOR |

## REPLY TO DEFENDANTS' OPPOSITION

It is unclear what Defendants' attorneys are trying to accomplish in their opposition papers.  The Defendants appear to be arguing that a basically defunct corporation, ASIS Internet Services, Inc., be kept in this lawsuit even though it has no resources to prosecute the matter.  Defendants appear to be arguing, completely against their own interests, that ASIS be kept in the suit because it owes Defendants' attorneys fees and costs under another suit, and Defendants' attorneys will not be able to collect if Plaintiff ASIS does not pursue this case against their client.

ASIS is unable to prosecute the case, and begs leave of the court to retire.  The

beneficiary of this issue is Defendants, who will not have to defend themselves against the charges brought by Plaintiff ASIS INTERNET SERVICES, INC.

The decisions by Judge Spero regarding the fees and costs of the *ASIS v Optin Global* case had not been issued when this case was filed in July 2009.  See Complaint, Docket 1; also see *Asis Internet Services v. Optin Global, Inc*, Slip Copy, 2010 WL 2035327 (N.D. Cal. May 2010), a courtesy copy of which is provided to the Court.  There was no legal precedent for a federal court to assess fees in excess of $800,000 against a plaintiff in a very close decision concerning standing, for bringing an action where the plaintiff was provided standing by the U.S. Congress.

Defendant now argues that this case is similar.  However, the matter in *Asis Internet Services v. Optin Global, Inc*, revolved around the definition of adverse affect (to establish standing) required for an ISP bringing an action in a *CAN SPAM Act of 2003* suit and whether there was sufficient evidence to prove the defendants were the advertisers in the subject emails.  See *ASIS Internet Services v. Optin Global, Inc.*, Not Reported in F.Supp.2d, 2008 WL 1902217 (N.D. Cal. 2008),  a courtesy copy of which is provided to the Court.

This case is based entirely on *California Business and Professions Code* §17529.5. The standing issue is not applicable in any manner, and this Court has already ruled that Plaintiff has standing.  The identification of the advertiser is not at issue, as the subject emails all contain statements that Defendants are the advertisers and this Court has already ruled that the preliminary evidence indicates a plausible argument that Defendants knew the subject emails were sent as advertisements on their behalf.  See *Asis Internet Services v. Subscriberbase Inc.*, Slip Copy, 2010 WL 1267763 at *6 and *7 (N.D. Cal. 2010).

Plaintiff would continue to pursue this case if it had that option.  However, it does not.  It had to sell all of its assets to a competitive firm who is maintaining services for its prior customers.  All remaining funds have been seized by Defendants' attorneys.  Defendants' attorneys are well aware of these facts.

Plaintiff has no idea why Defendants are bringing up the issue of dismissal with prejudice.  This was Plaintiff's intent and has no objection to dismissal with prejudice.

1  Therefore, Plaintiff requests the Court dismiss ASIS against all parties with prejudice.

**SINGLETON LAW GROUP**

Dated:        September 1, 2010         /s/ Richard E. Grabowski
                                        Jason K. Singleton
                                        Richard E. Grabowski, Attorneys for Plaintiffs,
                                        **ASIS INTERNET SERVICES and JOEL HOUSEHOLTER, dba KNEELAND ENGINEERING, dba FOGGY.NET**