**KRONENBERGER BURGOYNE, LLP**

Karl S. Kronenberger (Cal. Bar No. 226112)
Henry M. Burgoyne, III (Cal. Bar No. 203748)
Jeffrey M. Rosenfeld (Cal. Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone:  (415) 955-1155
Facsimile:   (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Defendants SubscriberBase, Inc,
SubscriberBase Holdings, Inc. and Consumer
Research Corporation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ASIS INTERNET SERVICES,** *et al.*<br><br>Plaintiffs,<br><br>vs.<br><br>**SUBSCRIBERBASE INC.,** *et al.,*<br><br>Defendants. | Case No. CV-09-3503<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF ASIS INTERNET SERVICES'S MOTION FOR DISMISSAL OF ALL DEFENDANTS**<br><br>Date:        September 17, 2010<br>Time:        10:00 a.m.<br>Courtroom:  1, 17th Floor |

1    Defendants SubscriberBase Inc., SubscriberBase Holdings Inc., and Consumer
2    Research Corporation Inc. (collectively, "Defendants") hereby oppose Plaintiff ASIS
3    Internet Services ("ASIS")'s motion to dismiss.

4                                        **INTRODUCTION**

5        From the outset of this lawsuit, Defendants have warned the Court about ASIS's
6    gamesmanship.  There is no better example of this gamesmanship than ASIS's current
7    motion.  Over the last six months, ASIS has forced Defendants to incur significant
8    litigation costs, despite the fact that ASIS had sold all of its assets and customer
9    accounts to a third party, had drained ASIS's cash proceeds for ASIS's principal's
10   personal benefit, and had effectively shuttered its business seven months ago.  In fact,
11   for the better part of a year, ASIS has not even functioned as an Internet service
12   provider, as required for standing under section 17529.5.  ASIS took these actions
13   specifically to avoid paying an $800,000 judgment entered against it as a sanction for its
14   baseless litigation.  *ASIS Internet Services v. Optin Global, Inc.*, No. 05-5124, 2010 WL
15   2035327, *passim* (N.D. Cal. May 19, 2010) [hereinafter Azoogle Fee Decision].  In the
16   Azoogle Fee Decision, the Honorable Joseph Spero found that the award of over
17   $800,000 in attorneys' fees was necessary to deter ASIS and others from such vexatious
18   litigation practices.  ASIS has refused to pay a cent of this award however, and has
19   continued to litigate this case and other cases despite the fact that its principal has
20   withdrawn ASIS's remaining cash reserves for her personal use.  ASIS's actions have
21   come as no surprise to Defendants, given that over the past several years ASIS has
22   functioned as a litigation mill, with Judge Chen stating, "it is evident the ASIS's litigation is
23   brought primarily for the purpose of profiting from litigation and not protecting its
24   underlying business."  Now that its game is up, ASIS wants to cut its losses and run.
25   Such tactics are fundamentally unfair and not permissible.

26       In its motion for a voluntary dismissal, ASIS ignores several significant facts.  ASIS
27   ignores the fact that it has yet to produce any evidence supporting several material
28   allegations in its Amended Complaint.  ASIS ignores the fact that it has forced

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**DEFENDANTS' OPPOSITION TO ASIS'S
MOTION FOR DISMISSAL OF ALL DEFS**

1   Defendants to incur significant costs in defending this action.  ASIS ignores the fact that

2   Defendants have engaged in extensive discovery and document production, which have

3   evidenced that Defendants were not involved in the sending of the emails at issue.  ASIS

4   ignores the fact that its claim of poverty is contradicted by its principal's withdrawals of

5   ASIS's funds.  ASIS disregards the judgment liens that have been filed in this case in

6   connection with the Azoogle Fee Decision, which liens would jeopardize what little

7   chance Plaintiffs have of extracting any settlement.  Most significantly, ASIS obfuscates

8   the fact that ASIS offered to dismiss this action only without prejudice, even though ASIS

9   no longer functions as an Internet service provider ("ISP").

10      Federal Rule of Civil Procedure 41(a)(2) seeks to prevent voluntary dismissals that

11   unfairly affect the defendant and to permit the imposition of curative conditions.  Where a

12   defendant would be unfairly prejudiced by a plaintiff's dismissal, the Court should require

13   that such dismissal be with prejudice and/or that compensatory conditions be imposed on

14   the dismissal.   ASIS is still playing a game, seeking to dismiss this action without

15   prejudice even after the company has stopped functioning as an ISP.  ASIS's attorney is

16   aware of the judgment lien in this action, and how that lien will affect any chance of

17   settlement with his other client, Householter.  Defendants have incurred considerable

18   expenses completing discovery and furnishing all of their relevant information to

19   Plaintiffs.   Defendants deserve a definitive resolution to this action.   Given ASIS's

20   dishonest litigation tactics, the Court should only allow ASIS to dismiss this action with

21   prejudice and/or upon the condition of ASIS paying Defendants' costs and attorneys'

22   fees.

23                                          **BACKGROUND**

24   **A.      ASIS's Spam Litigation History.**

25      ASIS is a small, apparently defunct ISP located in Humboldt County, California.

26   (Declaration of Jeffrey M. Rosenfeld in Opposition to Plaintiff ASIS Internet Services's

27   Motion for Dismissal of All Defendants ("Rosenfeld Decl.") ¶2 & Ex. A at Nos. 15-16; ¶3 &

28   Ex. B.)  ASIS supposedly sold all of its assets and customer accounts in January 2010 to

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**DEFENDANTS' OPPOSITION TO ASIS'S
MOTION FOR DISMISSAL OF ALL DEFS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   third party, A Simple Internet Solutions, Inc. ("Simple Internet").  (*Id.* ¶3 & Ex. B.)  Despite

2   this sale, ASIS continued to litigate this action well after it had stopped offering any ISP

3   services.  (*Id.* ¶4.)

4        To date, ASIS has brought at least 18 email marketing lawsuits, seeking millions-

5   upon-millions of dollars in statutory damages.  (Rosenfeld Decl. ¶5.)  ASIS and its

6   counsel, the Singleton Law Group ("Singleton"), spent little if any time investigating the

7   allegations in their various complaints, as each complaint was nearly identical to the last,

8   with only the names of the parties and the number of emails changed.  (*Id.* ¶6 & Exs. C-

9   E.)  ASIS filed its latest lawsuit in June 2010, months after it supposedly sold all of its

10  assets and customer accounts.  (*Id.* ¶7 & Ex. F.)

11       With its 18 lawsuits, ASIS has named over 50 individuals and companies as

12  defendants.  (Rosenfeld Decl. ¶5.)  These defendants incurred the very real costs of

13  defending a lawsuit.   Based on these costs, many of the defendants immediately settled

14  with ASIS, with only a handful investing the resources to challenge ASIS's claims.  (*Id.*)

15  To be clear, ASIS's 18 lawsuits were a money-making enterprise for ASIS.  Since 2007,

16  ASIS has made hundreds of thousands of dollars in settlements, comprising a large part

17  of ASIS's revenue.  Thus, Judge Chen described ASIS as a litigation mill, stating "it is

18  evident the ASIS's litigation is brought primarily for the purpose of profiting from litigation

19  and not protecting its underlying business."  *ASIS Internet Services v. Member Source*

20  *Media, LLC* (Rosenfeld Decl. ¶8 & Ex. G at 7:25-27.)

21       While nearly all of the defendants in ASIS's 18 lawsuits settled, when ASIS was

22  challenged on the merits of its lawsuits, ASIS lost decisively.  The U.S. District Court for

23  the Northern District of California issued a summary judgment decision that all-but-

24  precluded ASIS from prevailing on any CAN-SPAM suit.  *ASIS Internet Services v. Optin*

25  *Global, Inc.*, No. 05-5124, 2008 WL 1902217, *passim* (N.D. Cal. April 29, 2008)

26  [hereinafter, Azoogle Merits Decision].  By comparison, over the course of its 18 lawsuits,

27  ASIS never received a single opposed judgment on the merits.  No court ever found that

28  ASIS could prove up any of its claims.

1   Significantly, throughout all of these lawsuits, it is Singleton who has been the real

2   plaintiff in interest.  ASIS never read or relied on the emails at issue in these lawsuits, or

3   suffered any damages as a result of misrepresentations supposedly made in them.  In

4   fact, it's unclear whether ASIS was even involved in the decision to bring this lawsuit.  It

5   is Singleton who has collected millions-upon-millions of emails from ASIS and other ISPs

6   without regard to whether those emails are lawful or unlawful.  It is Singleton who has

7   created a self-described "spam database" to store and organize these millions of emails.

8   And it is Singleton who has searched through these emails, without regard to the

9   intended recipients' privacy, in hopes of finding hooks for lawsuits.

10   **B.    The Judgment Against ASIS.**

11   As discussed above, the Azoogle Merits Decision found that after litigating for over

12   a year, ASIS had no evidence of any adverse effect and had no evidence that the

13   defendants had sent or even knew about the emails at issue.  The Azoogle Merits

14   Decision was entered in April 2008.  One would have thought that the Azoogle Merits

15   Decision would have deterred ASIS from future litigation.  But no.  ASIS continued to file

16   lawsuit after lawsuit.

17   After the Azoogle Merits Decision—and after ASIS's failed appellate efforts—

18   defendant AzoogleAds.com, Inc. ("Azoogle") filed a motion for sanctions in the form of

19   attorneys' fees against ASIS.  The Court awarded attorneys' fees to Azoogle, finding:

20   Even assuming ASIS might have reasonably believed when it initially
    named Azoogle as a defendant that it would be able to establish
21   standing – a question that turned on an as-yet unresolved issue of law –
    there was never any evidence that Azoogle sent or procured the emails
22   on which ASIS based its claims. Rather, it is apparent that ASIS sued
    Azoogle based on little more than speculation that there *might* be a
23   connection between those emails and Azoogle. ASIS then continued to
    litigate even as its discovery efforts turned up no evidence in support of
24   its claims against Azoogle. Having initiated over 20 similar actions, and
    sued over 20 defendants in this action alone, an award of attorneys' fees
25   here is necessary to deter ASIS and other plaintiffs hoping to profit
    under the CAN-SPAM Act from casting such a wide net. The Court also
26   concludes that an award of fees advances the interests of compensation
    to the extent that Defendant Azoogle was forced to defend itself against
27   ASIS's groundless claims, resulting in years of litigation and over a

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**DEFENDANTS' OPPOSITION TO ASIS'S
MOTION FOR DISMISSAL OF ALL DEFS**

million dollars in attorneys' fees. Accordingly, the Court awards Azoogle's attorneys' fees under 15 U.S.C. § 7706(g)(4).  *ASIS Internet Services v. Optin Global, Inc.*, No. 05-5124, 2010 WL 2035327, *4 (N.D. Cal. May 19, 2010).

Thus, on May 19, 2010 the Northern District of California awarded Azoogle $806,978.84 in fees against ASIS.  (*Id.*)  While ASIS has refused to pay a cent of this award to Azoogle, its refusal is not for a lack of money.  (Rosenfeld Decl. ¶9.)  On May 19, 2010— the exact same date the court entered its fee award against ASIS—Singleton issued a check to ASIS for $58,209.29.  (*Id.* ¶10 & Ex. H.)  That same day, ASIS's President and sole shareholder, Nella White, withdrew $40,000 from ASIS's bank account.  (*Id.* ¶11 & Ex. I.)  It appears that Ms. White made additional withdrawals after May 19 for her personal benefit.  (*Id.* ¶12 & Ex. J.)  ASIS now takes the position that it is defunct and will file for bankruptcy, notwithstanding the personal withdrawals that Ms. White made, and notwithstanding the costs ASIS has imposed on Defendants.[1]  (Declaration of Nella White in Support of Motion by Plaintiff ASIS for Dismissal of All Defendants ("White Decl.") ¶¶2-3.)  To this day, however, ASIS has not filed for bankruptcy, and ostensibly remains a valid corporation under California law.  (Rosenfeld Decl. ¶13 & Ex. K.)

Azoogle has filed a notice of a judgment lien in this action against ASIS.  [D.E. No. 36.]  This notice places an obstacle in the way of Householter's efforts to settle this action while ASIS remains in this case.  Unless the judgment creditor's judgment is satisfied or the lien is released, the judgment debtor may not enter into any compromise, dismissal, settlement or satisfaction of the pending action, and may not enforce any judgment recovered in the action, without the judgment creditor's written consent or a court order.  *See* C. Civ. P. §708.440(a); *Pangborn Plumbing Corp. v. Carruthers & Skiffington*, 97 Cal. App. 4th 1039, 1048 (2002).  Moreover, whether a settlement is

---

[1] In the declaration of Nella White, White testifies under oath, "ASIS, so that services can continue to be provided to the people of Humboldt County, has sold off its assets.  The resulting funds have been used primarily to pay invoices from other services providers pre-paid by customers.  This has left ASIS with almost no assets and no income."  (White Decl. ¶¶2-4.)  **This statement is false and dishonest.**  Since January 2010, Nella White has withdrawn at least $60,000 from ASIS's bank account.  (Rosenfeld Decl. ¶¶11, 14_& Exs. I, L.)

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No. CV-09-3503

5

**DEFENDANTS' OPPOSITION TO ASIS'S MOTION FOR DISMISSAL OF ALL DEFS**

structured to evade a judgment creditor's lien is material to a court's decision whether to approve a settlement.  *See* Code Civ. P. §708.440.  Singleton and ASIS want the best of both worlds:  they want to dismiss ASIS's claim without prejudice to preserve it as an asset while clearing the road for Householter to prosecute its case.

In summary, over the last five years, ASIS has imposed millions-upon-millions of dollars in litigation costs on over 50 defendants.  ASIS has not received a single judgment on the merits in any case.  To the contrary, the Azoogle Fee Decision imposed an $806,000 attorneys' fees award against ASIS to deter its litigation practices.  ASIS has refused to pay a cent of the judgment.  To the contrary, the day that the fee award was entered, ASIS's principal raided the ASIS's till to the sum of $40,000.

**C.     Defendants' Costs in this Action.**

ASIS and Plaintiff Householter filed this action over a year ago.  From the outset, Defendants have maintained that Plaintiffs' allegations are false and thus could not conceivably be supported by evidence.  Yet, at the pleading stage, this Court was required to assume the complaint's facts are true.  Thus, Defendants have incurred the costs of preparing two motions to dismiss, drafting discovery requests, preparing discovery responses, compiling relevant documents, preparing for depositions, participating in ADR processes, and engaging in other case administration.  These tasks have imposed significant costs on Defendants.

Moreover, ASIS continued to prosecute this case after it supposedly sold all of its assets and customer accounts to Simple Internet on January 27, 2010.  Since that time, ASIS has served an opposition to Defendants' motion to dismiss, served extensive written discovery, negotiated a case management statement and a stipulated protective order, and pursued alternative dispute resolution.  All of these completely superfluous tasks by ASIS—which was no longer a functioning ISP—have imposed significant and real costs on Defendants.

Perhaps most significantly, despite Defendants' extensive discovery requests to ASIS and Householter, Defendants have yet to see any evidence supporting many of the

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

6

1  allegations in the complaint. By comparison, Defendants have furnished Plaintiffs with all

2  relevant discovery materials, which materials establish Defendants' lack of involvement in

3  the emails at issue.

### ARGUMENT

**A.    The decision on whether to permit voluntary dismissal and/or to impose conditions on dismissal is within the discretion of the Court.**

Whether to allow dismissal under Federal Rule of Civil Procedure 41(a)(2) rests in the Court's sound discretion.[2]  *See Navellier v. Sletten*, 262 F.3d 923, 938 (9th Cir. 2001).  The primary purpose of requiring a court order is to prevent voluntary dismissals that unfairly affect the defendant and to permit the imposition of curative conditions. *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961); *see Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (stating dismissal not appropriate where defendant would suffer "legal prejudice").  In deciding whether to dismiss an action under Rule 41(a)(2), the Court must make three separate determinations: a) whether to allow a dismissal at all, b) whether the dismissal should be with or without prejudice, and c) what terms and conditions should be imposed.  *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

A voluntary dismissal without prejudice may be denied where the defendant will suffer some prejudice greater than the mere prospect of a second lawsuit.  *See Mayes v. Fujimoto*, 181 F.R.D. 453, 458 (D. Haw. 1998).  Such "legal prejudice" precluding voluntary dismissal exists where actual legal rights are threatened or where monetary or other burdens appear to be extreme or unreasonable.  *Id.*  And while ordinary costs of litigation are typically not a sufficient cause alone to prevent dismissal, the court can order reimbursement of these expenses as a condition of dismissal.

---

[2] Strangely, ASIS relies on Federal Rule of Civil Procedure 21 as its basis to voluntarily dismiss this action.  Rule 21 deals with the misjoinder or non-joinder of parties.  Rule 21 does not deal with the standard for voluntarily dismissing a lawsuit, and thus is not relevant here.

**DEFENDANTS' OPPOSITION TO ASIS'S MOTION FOR DISMISSAL OF ALL DEFS**

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   The decision on whether a dismissal is to be with or without prejudice is also

2   within the discretion of the Court.  *Fisher v. Puerto Rico Marine Mgmt., Inc.*, 940 F.2d

3   1502, 1503 (11th Cir. 1991).  A dismissal with prejudice is appropriate where it would be

4   inequitable to allow the plaintiff to re-file its action.  *Id.*  In exercising its discretion, a court

5   must bear in mind that Rule 41(a)(2) exists primarily for the defendants' protection.  *Id.*

6   Factors a court will consider in deciding whether to allow dismissal without prejudice are:

7   a) the defendants' efforts and expenses incurred in preparing for trial, b) the plaintiff's

8   diligence in prosecuting the action, c) the plaintiff's explanation for its need to dismiss,

9   and d) the status of the litigation.  *See Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir.

10  2005).

11   Where a court grants a plaintiff's motion for dismissal, the court must determine

12  what conditions are appropriate.  *See Esquivel v. Arau*, 913 F. Supp.  1382, 1391-92

13  (C.D. Cal. 1996).  On granting a dismissal without prejudice, the court may, and typically

14  does, condition the dismissal on the plaintiff reimbursing the defendant for the costs and

15  fees incurred.  *See id.*  This sum may include attorneys' fees.  *See id.*  The purpose of

16  such a condition is to compensate the defendant for unnecessary expenses cause by the

17  litigation.  *See id.*

18  **B.    The Court should only allow ASIS to dismiss its suit with prejudice and/or
19         with appropriate compensatory conditions.**

20   For several reasons, the Court should only allow ASIS to dismiss its suit under

21  Rule 41(a)(2) with prejudice and/or by conditioning such dismissal on ASIS's payment of

22  Defendants' costs and attorneys' fees.

23   First, while not a necessary element to require conditions or dismissal with

24  prejudice, it is important to recognize that ASIS has litigated this case in bad faith, and

25  that Defendants believe that a Rule 11 motion will ultimately be warranted.  ASIS's

26  complaint contains numerous allegations about Defendants' intent and knowledge

27  regarding the emails at issue.  Yet, ASIS has not disclosed any information that would

28  support these allegations.  ASIS has not disclosed any information suggesting that

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1   Defendants advertised in the emails at issue.  ASIS has not disclosed any information

2   suggesting that Defendants sent or had sent the emails at issue.  And ASIS has not

3   disclosed any information suggesting that Defendants knew about the emails at issue, let

4   alone that Defendants intended for the emails' subject lines to deceive the recipients.  In

5   fact, the evidence produced by Defendants demonstrates that <u>Defendants did not send</u>

6   <u>any of the emails at issue in this action</u>.  Despite Plaintiffs' lack of evidence and

7   Defendants' exculpatory evidence, both ASIS and Householter have continued to litigate

8   this case.  More significantly, ASIS hasn't functioned as an Internet service provider for

9   the better part of a year.  Still, ASIS has only offered to dismiss its action without

10  prejudice.  This contradiction, by itself, should be enough to raise concern over ASIS's

11  motives.

12      Second, ASIS's litigation of this case has imposed significant costs on

13  Defendants.  Defendants have been forced to incur the very real costs of bringing two

14  motions to dismiss, drafting multiple sets of written discovery, responding to multiple sets

15  of written discovery, and engaging in other pretrial procedures.  This sum is not a few idle

16  dollars.  ASIS's actions have had a concrete financial effect on Defendants.

17      Third, ASIS has shirked its obligations regarding its debts caused by its own

18  litigation activity.  This Court has previously described ASIS as a money-making litigation

19  operation.  Now that the bill has come though, ASIS wants to cut and run.  As discussed

20  above, ASIS has an $800,000-plus debt to Azoogle from a different ASIS lawsuit.  ASIS

21  has refused to pay a cent of this judgment, white at the same time continuing to litigate

22  this action, continuing to file new lawsuits, continuing to negotiate settlement payments,

23  and continuing to make distributions to its principal Nella White.  In fact, Ms. White

24  withdrew a significant amount of cash proceeds from ASIS the day that the fee award in

25  *ASIS v. Azoogle* was entered.  Even more disturbing, this withdrawal appears to have

26  been facilitated by Singleton, who issued a sizeable check to ASIS that very same day.

27  If ASIS and Singleton are willing to shirk their financial responsibilities to other litigants,

28  who will be left to compensate Defendants when this action has ended and Plaintiffs'

1   claims have proved fruitless?  If ASIS wants to dismiss this case, it should be forced to

2   pay Defendants' costs and fees.

3           It is not clear that this case is any different from *Azoogle*, where Judge Spero

4   found:  "it is apparent that ASIS sued Azoogle based on little more than speculation that

5   there *might* be a connection between those emails and Azoogle.  ASIS then continued to

6   litigate even as its discovery efforts turned up no evidence in support of its claims against

7   Azoogle."      Based on all of the above, the Court should only permit ASIS dismiss this

8   action with prejudice and/or a condition requiring ASIS to compensate Defendants for the

9   litigation costs they have incurred.

10                                      **CONCLUSION**

11          For all of the reasons set forth above, the Court should deny ASIS's motion to

12   dismiss, and should only grant a dismissal with prejudice and/or conditions.

13

14   DATED: August 20, 2010                    **KRONENBERGER BURGOYNE, LLP**

15

16                                              By:   s/Jeffrey M. Rosenfeld
                                                     Jeffrey M. Rosenfeld
17
                                                Attorneys for Defendants SubscriberBase,
18                                              Inc, SubscriberBase Holdings, Inc. and
                                                Consumer Research Corporation
19

20

21

22

23

24

25

26

27

28

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com