IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, et al., ) | Case No. 09-3503 SC |
| ) | |
| Plaintiffs, ) | ORDER GRANTING ASIS'S |
| ) | MOTION TO DISMISS |
| v. ) | |
| ) | |
| SUBSCRIBERBASE, et al., ) | |
| ) | |
| Defendants. ) | |

## I. INTRODUCTION

Before the Court is a Motion by Plaintiff Asis Internet Services ("Asis") to dismiss its suit against Defendants Subscriberbase, Inc., Subscriberbase Holdings, Inc., and Consumer Research Corporation, Inc. (collectively, "Defendants"). ECF No. 37 ("Mot."). Defendants filed an Opposition, ECF No. 38, and Asis filed a Reply, ECF No. 42. Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the reasons below, the Court GRANTS Asis's Motion.

## II. BACKGROUND

In this action, Plaintiffs Asis and Joel Householter, dba Foggy.net ("Foggy"), bring a single claim against Defendants: violation of Section 17529.5 of California's Business and Professions Code. ECF No. 17 ("Am. Compl.") Section 17529.5

places restrictions on unsolicited commercial e-mail advertising (commonly known as "spam"), and provides liquidated damages of $1000 for each e-mail transmitted that violates the section. Cal. Bus. & Prof. Code § 17529.5. Plaintiffs claim to be Internet service providers and allege that Defendants sent e-mail advertising to their customers in violation of Section 17529.5. Am. Compl. ¶¶ 4-15. On April 1, 2010, the Court denied Defendants' motion to dismiss. ECF No 24. At the Case Management Conference on May 7, 2010, the Court set discovery and trial dates. ECF Nos. 28, 29. The parties have since commenced discovery. Opp'n at 2.

Now Asis seeks to dismiss its suit against Defendants and withdraw from the action; Foggy, which is represented by the same counsel as Asis, has not joined in Asis's Motion, and would continue the suit against Defendants. See Mot. Asis claims that it can no longer afford to prosecute the action, citing a "negative judgment in an unrelated case that threatens to place Asis in either bankruptcy or corporate dissolution." Id. at 2. This "negative judgment" is a court order directing Asis to pay $806,978.84 in attorneys' fees and costs to AzoogleAds.com, Inc. ("AzoogleAds"), a defendant in a separate anti-spam action brought by Asis. Asis Internet Servs. v. Optin Global, Inc., No. C-05-5124, 2010 WL 2035327 (N.D. Cal. May 19, 2010) ("the AzoogleAds litigation"). AzoogleAds is represented by the same counsel as Defendants in this case, and has filed a notice of judgment lien against Asis in this action. ECF No. 36.

Somewhat surprisingly, Defendants oppose Asis's Motion. Defendants cite the AzoogleAds litigation as evidence that Asis has engaged in a pattern of abusive anti-spam litigation against dozens

2

of defendants. Opp'n at 2-4. Defendants argue that permitting Asis to withdraw from this action would unfairly prejudice Defendants, because they have incurred great expense in defending the present action and in their compliance with Asis's discovery requests. Id. Defendants seek "a definitive resolution to this action" and the opportunity to prove to the Court that Asis's suit is so baseless and abusive as to warrant sanctions. Id. Defendants argue that Asis's Motion should be granted only if it is granted with prejudice and/or conditioned on Asis's payment of Defendants' attorneys' fees and costs. Id. at 8. In its Reply, Asis clarifies that it does, in fact, seek dismissal of its suit against Defendants with prejudice. ECF No. 42 ("Reply") at 2.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of defendants by plaintiffs: a plaintiff seeking to dismiss an action must file a notice of dismissal before the opposing party serves an answer or a motion for summary judgment, file a stipulation of dismissal signed by all parties who have appeared, or seek an order from the court. The decision to grant a motion for voluntary dismissal "is addressed to the sound discretion of the district court." Navellier v. Sletten, 262 F.3d 923, 938 (9th Cir. 2001). Upon determining whether to allow dismissal, the court should determine whether the dismissal should be with or without prejudice, and if any terms or conditions should be imposed on the dismissal. Burnette v. Godshall, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993).

**IV. DISCUSSION**

A court should not permit dismissal if it would cause the defendant to suffer "some plain legal prejudice." Id. The cost of defending a lawsuit and preparing for trial does not constitute plain legal prejudice. Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir. 1982). Because Defendants allege no prejudice other than the cost of defending this action, the Court allows the dismissal. Because Asis seeks dismissal with prejudice, the Court dismisses Asis's suit against Defendants with prejudice. As to whether terms and conditions should be imposed on this dismissal, the Court finds that any prejudice to Defendants will be avoided if the Court retains jurisdiction to permit Defendants to file a motion for sanctions; this will give Defendants the opportunity to demonstrate that Asis's action was, as they claim, "abusive." Accordingly, the Court GRANTS Plaintiff Asis's Motion.

**V. CONCLUSION**

The Court GRANTS Plaintiff Asis Internet Services' Motion to Dismiss. Asis's suit against Defendants Subscriberbase, Inc., Subscriberbase Holdings, Inc., and Consumer Research Corporation, Inc. is DISMISSED WITH PREJUDICE. This dismissal is conditioned on the Court's retention of jurisdiction over Asis for thirty (30) days from the date of this Order, to permit Defendants to file a motion for attorneys' fees and costs, if they so desire.

IT IS SO ORDERED.

Dated: September 8, 2010



UNITED STATES DISTRICT JUDGE